286 P.2d 800

STATE of Utah, Plaintiff and Respondent,

v.

Robert Henry TORGERSON, Defendant and Appellant.

No. 8330.

Supreme Court of Utah.

Aug. 1, 1955.

. Crockett, J., dissented.

Dean E. Conder, Salt Lake City, for appellant.

Woodruff C. Gwynn, Atty. Gen., for respondent.

WADE, Justice.

This is an appeal from a conviction of attempted burglary. Appellant was ap-prehended by two police officers about 11 p. m. on April 25, 1954, after they saw him standing in a suspicious manner facing the doors of a grocery market which was closed for the night. Appellant apparently observed the approach of the police ambulance in which the officers were riding because he scooted around a corner of the market into its parking lot and was peering around the corner of the store when the officers arrived. When he was arrested he was holding a crowbar. The doors of the market are made of steel and are the swinging type which meet in the center. When these doors were examined later there were found dent marks between the doors just below the lock which could have been made by this particular crowbar. These dent marks were not there before the night of appellant's arrest. After appellant was jailed, officers went back to the market and in an alley leading to its parking lot found a 1941 dark blue Plymouth sedan registered in the name of appellant's wife in which two men were asleep. The state further introduced evidence that this same car had been parked in the parking lot of another market about 10:30 p. m. when a man, not the appellant, was seen to go towards appellant's car after having been observed breaking the glass in the door of the market which was located about 8 blocks west of the one at which appellant was apprehended. Although one of the arresting officers testified that he had

not noticed anything about appellant that night which would lead him to believe that appellant was drunk, nevertheless, appellant was charged with and pleaded guilty to drunkenness the next day in the City Court. Appellant testified that he had drunk large quantities of intoxicating liquors that day and night and could not remember what happened after eight o'clock that night and was not aware of driving or of doing anything after that time until he woke up in jail the next morning.

It is appellant's contention that evidence about his car being in the vicinity when an offense was committed by one other than appellant was irrelevant and immaterial and therefore its admission was prejudicial error and that as a matter of law there was insufficient evidence of appellant's intent to commit the crime of which he was convicted.

 In support of his contention that evidence of the commission of another offense was prejudicial error appellant cites a number of cases which hold that the commission of another offense by defendant is not admissible against him unless it comes within the exception to the rule that proof of such an offense is admissible to show intent, motive, etc. The rule on that subject in this state is that such evidence which has probative value to prove a material issue is admissible unless offered only to show evil or criminal disposition. However, such evidence is admissible if it tends to prove that the defendant had the necessary intent.[1] Under neither of these rules was this evidence admissible. This evidence does not tend to prove that defendant intended to commit a burglary. The other crime which was proved merely showed that a man, not appellant, broke the glass in the door of a grocery store and then fled toward appellant's car. This has no tendency to prove an intention to commit burglary for there is no evidence that the person intended or attempted to enter the other store. Also this evidence does not tend to show another offense committed by appellant. The appellant was not the man seen breaking the glass in the other store and there is no evidence of a conspiracy between that person and appellant. The only connection of that offense with the appellant was the fact that the other person ran toward appellant's car and that after appellant's arrest that car with two men asleep in it was found parked near the parking lot of the store which defendant is accused of attempting to burglarize. Such evidence does not show an intention to burglarize the other store nor connect the defendant with such other offense and was inadmissible. Since some jurors well might have had a reasonable doubt which this evidence dispelled we cannot hold that this error was not prejudicial.

1. State v. Nemier, 106 Utah 307, 148 P.2d 327; State v. Scott, 111 Utah 9, 175 P.2d 1016, and State v. Prettyman, 113 Utah 36, 191 P.2d 142.

We find no merit to appellant's contention that the evidence is insufficient to sustain a finding that he intended to commit burglary.

Judgment is reversed with directions to grant a new trial.

McDONOUGH, C. J., concurs.

WORTHEN, J., concurs in the result.

HENRIOD, Justice (concurring in result).

I concur in the result for the reason that although I believe the testimony placing defendant's car at another place half hour prior to his arrest may have been material and not prejudicial, other testimony to the effect that at that time someone who had broken a grocery store window was seen to approach this same car, was immaterial and in my opinion prejudicial. Some veniremen well may have had a reasonable doubt as to defendant's guilt, but for the circumstance that defendant's car was seen and apparently used in connection with an offense similar to that with which the defendant here was charged, giving rise to a not unreasonable belief that defendant was a party to such previous offense and hence likely to be guilty in the instant case.

I agree with the commentary of Mr. Justice Crockett, in his dissent which follows, to the effect that the total story of a crime is like a multi-colored stone mosaic, but we cannot, for the purpose of completing a judicial mosaic in criminal cases, simply supply stones which, though filling a void, come from foreign quarries,—if such stones in completing the pattern, may be those that seal a mausoleum in which an innocent might be interred. In my opinion, the evidence that someone,—admittedly not the accused,—was seen to run toward accused's car after such stranger had broken a window at some other site, may fit the mosaic of which Mr. Justice Crockett speaks, but it also may be the loadstone with which the jury sealed defendant's sepulchre.

CROCKETT, Justice.

I dissent. I do not believe that the trial court committed prejudicial error in admitting the evidence of the window-breaking incident at Horton's. This seems to me to be true whether one believes that the evidence connected the defendant with that incident, or that it did not. If it failed to show any connection of the defendant with the incident, it proves nothing against him, and therefore was not prejudicial. On the other hand, if the evidence is such that reasonable men could believe that the defendant was connected with the window-breaking occurrence, then I think that his connection with such incident, which reasonable minds might regard as an act of burglarious character, has some probative value as to his intent when he was arrested shortly thereafter at Nygren's door with the pinch bar in hand.

We should not lose sight of the problems confronting the investigating officer and the prosecutor. Their duty is two-fold: to investigate and absolve the innocent from suspicion of crime, and also to apprehend and convict law violators. To fulfill the latter they must often piece together such bits of evidence as they are able to obtain. The total story of a crime, from plan and preparation through climax, denouement and escape from the scene, rarely appears as one complete picture. It is like a mosaic, formed of variously colored stones, a few of which must be fitted into place at a time until the whole is made out. Ofttimes some of the clues, considered in isolation, would have little or no relevancy, but viewed in relation to other facts, they fall into place to make the scene complete.

The evidence in question, as I view it, is either some colorless material, having no bearing on the picture at all, in which event it was harmless to the defendant; or it does have some probative force, giving color to the entire picture of the crime of burglary which was sought to be made out against the defendant, in which case it was competent.

The fundamental tenet is that *all* evidence having probative value on a disputed issue is admissible. This is true even where that evidence may tend to connect defendant with other crimes. It is not to be doubted that caution must be exercised in receiving evidence of other crimes lest the jury be prejudiced thereby and the defendant be deprived of a fair trial upon the issue at hand. The essence of our law is well stated in State v. Scott:[1] "In criminal cases evidence of other crimes is admissible unless it is relevant solely to show propensity to commit crime." It is patent that if the sole purpose of evidence which discloses another crime is to cast some stigma upon the defendant, to show that he is of bad repute, evil disposition or is predisposed to commit crimes the evidence would be unfair and inadmissible. But that is the only basis upon which it could properly be rejected. In the Scott case there is a good discussion of this subject by Mr. Justice Wolfe and the court cites the opinion by Mr. Justice Wade in State v. Nemier.[2] That case clearly enunciates the principle that evidence which has some probative force to prove intent, motive, the existence of a plan or the identity of the accused is admissible and should not be rejected merely on the ground that it may tend to connect the accused with the commission of another criminal offense.

Notwithstanding the fact that the defendant was apprehended at eleven o'clock at night standing in front of the door of Nygren's Market with a pinch bar in hand and there were marks on the door which could have been made by the bar, he maintains his innocence of any intent to commit burglary. The burden was thus cast upon the State to show what his intent was. It was therefore not only proper to inquire into what his im-

1. 1947, 111 Utah 9, 175 P.2d 1021, 1022.

2. 1944, 106 Utah 307, 148 P.2d 327.

mediately prior conduct had been, but an efficient prosecutor would not fail to do so. It is evidence touching upon his prior conduct that is now challenged before this court. Concededly it is not as clear and conclusive in connecting the defendant therewith as might be desired. It is not the design of persons engaged in criminal conduct to leave a complete scenario of the crime which frequently makes it necessary to reconstruct the story together from fragments. It is my view that the various items of evidence disclosed in this record synchronize pretty well together in unfolding the story of defendant's activities and that the challenged evidence could reasonably be regarded as an integral part thereof.

The testimony showed that the defendant was in his family car, a blue Plymouth sedan, with *two* men earlier in the evening; that this car was parked near Horton's Market, a few blocks away; that a man was seen to break the window there and run toward the car; that within a half hour thereafter the defendant was apprehended at Nygren's Market as described; and that after the police had attended to booking him the car was found secluded in an adjacent alley, with *two* men in it who, it would reasonably appear, were waiting for the defendant to complete his task. This all ties together to make up the picture of what happened just prior to, at the time of and immediately following this attempted burglary.

There being a disputed issue as to defendant's intent, it seems to me that reasonable minds could regard the breaking of the window at Horton's as an act of burglarious character and further could reasonably infer that the defendant was connected therewith, which act, in the same part of town, and closely related in time, would give color to the intent defendant had in respect to Nygren's Market.

If the foregoing conclusion be unsound, then it can only be for the reason that the evidence failed to show that the defendant was in any way connected with the incident at Horton's Market in which event, as above stated, it would not have been harmful to him. It cannot fairly be suggested in this case that the questioned evidence was purposed only to stigmatize the defendant or to show a disposition to commit crime generally, which is the only basis upon which it could be held to be prejudicial. We are affirmatively charged with the duty of not reversing a conviction unless the error is both substantial and prejudicial.[3]

It is my opinion that the trial court committed no error, and certainly no prejudicial error, in admitting the questioned evidence. I would affirm the conviction.

**3.** Rule 61, U. R. C. P.