310 P.2d 738

**STATE of Utah, Plaintiff and Respondent,**
v.
**Keith WINGET, Defendant and Appellant.**
No. 8630.

Supreme Court of Utah.
May 9, 1957.

see also United Mine Workers of America v. Golden Cycle Corp., Colo.1956, 300 P.2d 799.

J. Vernon Erickson, Richfield, for appellant.

E. R. Callister, Jr., Atty. Gen., K. Roger Bean, Asst. Atty. Gen., for respondent.

HENRIOD, Justice.

Appeal from a rape conviction. Reversed and a new trial granted.

Defendant's 8 year old daughter by a wife who divorced him in 1952, went to visit with him on a Sunday in September, 1956. The next day, after experiencing some hemorrhaging, she told her mother that the defendant had raped her. Over the objection of counsel, a 17 year old stepdaughter of the accused was permitted to relate 4 incidents when defendant raped her while he was married to the witness' mother,—one 8 and 7 years before and twice 4 years before, the first such incident occurring, so she said, when she was 8 or 9 years old, and the last when she was 12, all being similarly patterned.

The sole question confronting us is whether evidence of other similar sex acts with persons other than the complaining witness is admissible. Unless we were inclined to reverse our own decision in the strikingly similar case of State v. Williams, 36 Utah 273, 103 P. 250,—which we feel constrained not to do, such evidence is inadmissible in this state.

The Williams case has been cited with approval by respectable authority,[1] and represents the majority view.[2] The respondent did not discuss the case in its brief, and its argument that the other offenses were admissible as showing a scheme or plan, or a lustful disposition can be no more than a plea for the adoption of the minority rule.

The A.L.R. citation and the Lovely case, with the wealth of authorities and reasons therein catalogued make it unnecessary for us to repeat or paraphrase here the reasons for the rule.

McDONOUGH, C. J., and CROCKETT and WORTHEN, JJ., concur.

WADE, Justice.

I concur.

Recent decisions of this court establish rules with regard to the admissibility of

1. Lovely v. U. S., 4 Cir., 169 F.2d 386, and authorities therein cited; 167 A.L.R. 588.
2. 167 A.L.R. 588.

evidence of other offenses in criminal prosecutions which are controlling in this case,[1] and in accord with this decision. I think such rules are in accord with better reasoning and the leading writers on this subject.[2] So to connect these cases up and show that they are in harmony with this decision I shall briefly state such rules[3] and apply them to the facts in this case.

The following is a brief review of the rules above referred to: Except where otherwise provided by Rules of Evidence all relevant evidence is admissible.[4] Relevant evidence means evidence having a tendency in reason to prove or disprove any material facts in issue.[5] However, evidence that a person committed a crime upon one occasion is inadmissible to prove his disposition, bad character, or propensity to commit crime as the basis for an inference that he committed the crime for which he is on trial,[6] but such evidence when relevant is admissible to prove some other material facts including the absence of mistake or accident, motive, opportunity, intent, preparation, plan, knowledge or identity.[7] The reason for excluding such evidence is that the danger of prejudice outweighs the probative value of such evidence. This is said to be an application of the rule against the initial introduction of evidence of bad character by the prosecution.[8] However, it is generally recognized that the judge may in his discretion exclude such evidence if he finds that its probative value is substantially outweighed by the risk that the admission will cause undue consumption of time, create substan-

---

1. State v. Nemier, 106 Utah 307, 148 P. 2d 327, 329; State v. Scott, 111 Utah 9, 21, 22, 175 P.2d 1016, 1021 to page 1023; State v. Prettyman, 113 Utah 36, 46, 191 P.2d 142, 146; State v. Cooper, 114 Utah 531, 201 P.2d 764, 768; State v. Harries, 118 Utah 260, 221 P.2d 605, 616 to page 618; State v. Neal, Utah, 254 P. 2d 1053, 1056, Id., 1 Utah 2d 122, 124, 262 P.2d 756, 758; State v. Wellard, 3 Utah 2d 129, 133, 279 P.2d 914, 917; State v. Torgerson, 4 Utah 2d 52, 53, 56, 286 P.2d 800, 801, 802.

2. Thayer "Presumptions and the Law of Evidence" 3 Harvard Law Review 144, and "Preliminary Treaties on Evidence" 264–266. Wigmore on Evidence, 3d Ed., Secs. 9, 10. Morgan, Foreward to Model Code of Evidence; McCormick on Evidence, Secs. 151 and 157.

3. The wording used in this statement of these rules follows generally the Preliminary Draft of the proposed "Utah Rules

of Evidence" 27 Utah Bar Bulletin Nos. 1 and 2, herein called the "Utah Rules" which follows closely the "Uniform Rules of Evidence" of the National Conference of Commissioners on Uniform State Laws, herein called the "Uniform Rules," which in turn is taken largely from the "Model Code of Evidence" of the American Law Institute, herein called the "Model Code."

4. See Rule 7(f) of Utah Rules and Uniform Rules, and Rule 9(f) of the Model Code, also cases cited in note 1.

5. See Rule 1(2) of Utah Rules and Uniform Rules, and Rule 1(12) of Model Code.

6. See Rule 55, Utah Rules and Uniform Rules and Rule 311 Model Code, and cases cited in note 1, and McCormick on Evidence, sec. 157. Wigmore on. Evidence, secs. 9 and 10.

7. See authorities cited in note 6 above.

8. See McCormick on Evidence, Sec. 157.

tial danger of undue prejudice or of confusing the issues or misleading the jury or unfairly and harmfully surprise the defendant who has not had reasonable opportunity to anticipate that such evidence would be offered.[9]

In applying these rules to the facts of this case it is clear that the evidence of previous sexual relations between defendant and his stepdaughter has probative value to show his degraded character, disposition and propensity to commit sexual crime and in particular the crime here charged. If that is the only material fact in this case which such evidence tends to prove, it is inadmissible because of the exclusionary exception to the general rule, that all relevant evidence is admissible, to the effect that evidence of another crime is inadmissible if it only shows bad character, disposition or propensity to commit crime generally or the crime charged in particular.

The state argues that this evidence was admissible to show a plan, design or system and to show motive, intent and identity of the perpetrator. This evidence appears to have very little if any relevancy for such purposes. Usually evidence which shows plan, design or system is admissible to show one link in a chain of events which constitutes or at least indicates the commission of the crime charged. It is not apparent to me how this evidence fits in such a pattern. Evidence that a lustful man raped his stepdaughter several years ago tends to show his moral degenerated character and disposition to rape his own daughter, but does not seem to show that the two different offenses were a part of a general plan, design or system. The fact that the same pattern was followed in the commission of the two offenses might tend to establish the identity of the person who perpetrated the crime charged if there were any serious issue or doubt on the question of whether the daughter knew her own father, but here no such doubt is claimed. The same is true of the proof of criminal intent. The commission of the offense charged as testified by the complaining witness obviously shows the criminal intent of the person who perpetrated such offense. It is generally recognized and held that where the act charged is not equivocal but the criminal intent is a necessary conclusion from the act testified to, proof of other acts to show intent is not admissible.[10] This is particularly true where there is no room for an inference that the act was done accidentally.

From the foregoing the conclusion seems inescapable that the only real rele-

9. See Rule 45, of Utah Rules and Uniform Rules, McCormick on Evidence, Sec. 157 at pages 331–333.

10. See McCormick on Evidence, p. 329, Sec. 157, note 12, citing People v. Lonsdale, 122 Mich. 388, 81 N.W. 277; State v. Barker, Mo., 1923, 249 S.W. 75, 77; 1 Wharton, Criminal Evidence, Sec. 350 (11th Ed. 1935).

-vancy of this evidence was to show the defendant's degenerate disposition to commit this crime, and therefore the evidence in question was inadmissible. The potential danger that this evidence would cause undue prejudice, confuse the issues and mislead the jury is obvious. Even if it were conceded, which I do not, that this evidence has some substantive value other than to prove defendant's degenerate character and disposition to commit this crime, still the court abused its discretion in failing to exclude this evidence on the grounds that the potential danger of prejudice far outweighs its substantive value.