418 P.2d 978

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Gerald Oakley HUGGINS, Defendant and Appellant.**

**No. 10545.**

Supreme Court of Utah.

Oct. 20, 1966.

---

L. G. Bingham, Ogden, for appellant.

Phil L. Hansen, Atty. Gen., Ronald N. Boyce, Chief Asst. Atty. Gen., Salt Lake City, for respondent.

HENRIOD, Chief Justice:

Appeal from a conviction for molesting two little girls, aged 6 and 7. Reversed with a new trial ordered.

Defendant, next door neighbor, was accused of indecent manipulation of the girls' privates. He denied any knowledge thereof.

At the trial, the prosecution, without having named a 10-year-old girl as a witness, offered her to attest to a similar offense on the same day. Before testifying, the court let it be known to the jury that she was going to testify for the State, and that she would testify to a similar offense, over objection of counsel that he was totally unprepared to meet and defend such a witness' testimony as to such an independent, unproven charge, without any previous conviction therefor. The trial court seemed to sense the merit of such contention and said he anticipated a divided court on appeal

with respect to the admissibility of this testimony. He gave defendant's counsel about a day and a half to meet this surprise witness' testimony, but divulged to the jury that the very morning of the trial, and before trial, this girl's mother had filed a complaint against defendant for a similar offense. Defendant's counsel asked for a mistrial which was denied. Counsel for defendant was forced to meet this unexpected turn of events by cross-examination of witnesses with respect to certain conversations, which no doubt would not have been necessary, but for the permission to allow the witness to testify. The prosecution said this 1) cured any prejudice in the procedure and anyway, 2) evidence of similar offenses was admissible to demonstrate the lust propensity.

 As to 1): The prejudice engendered by permitting this witness to testify, informing the jury that her mother had filed a similar charge against defendant that very day, seems to us to have been an incurable prejudice that could have been the difference between a reasonable doubt and a foregone conclusion in the minds of the veniremen. As to 2): The argument that the modern trend is to allow evidence of other similar offenses to show a propensity, was supported by and large by cases where evidence of previous *convictions* was extant and admissible to support the view.

Here there was no conviction of the charge leveled by this witness' mother the day of the trial. For aught we know, such charge may have resulted in acquittal the next day. Had it been tried before this case, and an acquittal had resulted, no one would have ventured the suggestion that such an acquittal could have been used to help convict the defendant in the instant case. In the aggregate, the error here was prejudicial requiring a new trial.

We think that there was incurable prejudicial error in the court's advising the jury of another criminal case being filed by the witness' mother an almost split-hour before the present case was to be tried, then permitting the witness to testify, over objection, to a similar, unproven offense, and that the argument that, even so, the testimony was proffered to show propensity to commit similar offenses, all of which in the aggregate, *in our opinion* offends against principles of fair play, raises constitutional questions, and would ignore the previous pronouncements of this Court,[1] where it appeared that prejudicial error was more canonized there than could be here. We think the defendant should be required to defend an unproven offense charged, but not another or perhaps a dozen more unproven offenses at one sitting.

McDONOUGH, CROCKETT, CALLISTER and TUCKETT, JJ., concur.

1. State v. Winget, 6 Utah 2d 243, 310 P.
2d 738 (1957); State v. Dickson, 12 Utah 2d 8, 361 P.2d 412 (1961); State v. Kazda, 14 Utah 2d 266, 382 P.2d 407 (1963).