**STATE of Utah, Plaintiff and Respondent,**

v.

**Heather S. AMICONE, Defendant and Appellant.**

**No. 19184.**

Supreme Court of Utah.

Sept. 25, 1984.

---

**1.** *See Estelle v. Dorrough*, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975); *Allen v. Georgia*, 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949 (1897).

Jerome E. Mooney, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Stan Olsen, Asst. Salt Lake City Atty., Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

The defendant, Heather Amicone, a ticket taker at a movie theater, pleaded guilty to an information charging her with a violation of U.C.A., 1953, § 76–10–1204, which prohibits the distribution of pornographic material. The defendant admitted that the tickets she had taken were to a movie that she knew to be pornographic. Section 76–10–1204(2) mandates incarceration for a minimum of seven days for a violation of § 76–10–1204.[1] The defendant received the mandatory minimum sentence. The defendant argues on this appeal that the mandatory sentencing provision (1) constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution; (2) violates the Equal Protection clause of the Fourteenth Amendment; and (3) will produce a chilling effect on free speech in violation of the First Amendment.

I.

■ The sentencing phase of a criminal proceeding is not beyond judicial scrutiny. *Enmund v. Florida,* 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982); *Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962); *Weems v. United States,* 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910). Indeed, constitutional limitations on the penalties that may be imposed date from as far back as the Magna Carta. *See Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 3003, 77 L.Ed.2d 637 (1983).

The defendant's "cruel and unusual punishment" argument relies entirely on the recent case of *Solem v. Helm,* 103 S.Ct. 3001 (1983), which held a mandatory life sentence for a repeat offender unconstitu-

---

**1.** Section 76–10–1204(2) states:
Each separate offense under this section is a class A misdemeanor punishable by a minimum mandatory fine of not less than $100 plus $10 for each article exhibited up to the maximum allowed by law and by incarceration, without suspension of sentence in any way, for a term of not less than seven days, notwithstanding any provisions of section 77–35–17.

tional. In *Solem,* the defendant had been sentenced to a life term without possibility of parole for his seventh nonviolent felony, uttering a $100 bad check. The Court held that the sentence was unconstitutionally disproportionate.

■ The Court reaffirmed the general rule that legislative discretion in fixing punishments is broad but the Court also made clear the legislative discretion is not limitless:

> We hold as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted. Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes ....

103 S.Ct. at 3009. Indeed there are instances, when even "a single day in prison may be unconstitutional." *Solem, supra,* 103 S.Ct. at 3010. *See Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).

■ The instant case, however, is not one of those rare cases where the harshness of the sentence is disproportionate to the nature of the crime. The penalty in the present case, a mandatory seven-day jail sentence, may be severe because the defendant is only a ticket taker, but her plea of guilty admits that she knew the films for which she took tickets were pornographic and that she was involved in a criminal enterprise. Given the nature of the problem with which the statutory scheme deals, a mandatory minimum sentence is not disproportionate.

■ Since pornography has no First Amendment protection, its dissemination may be legally forbidden. The dissemination of pornography is not easily deterred. Imposition of a fine is often not an effective deterrent. Distributors may treat fines imposed on them and their employees as a cost of doing business. The imposition of other effective remedies is also often difficult. Under the circumstances, a mandatory minimum period of incarceration for one who is knowingly involved in the distribution of pornography, even in a relatively insignificant way, is not unreasonable.

■ The defendant also challenges § 76-10-1204(2) under Article I, § 9 of the Utah Constitution, which also prohibits "cruel and unusual" punishments. In the context of the instant case, we hold that Article I, § 9 does not give the defendant more extensive protections than those afforded by the Eighth Amendment and therefore does not invalidate § 76-10-1204(2).

## II.

The defendant argues that § 76-10-1204(2) violates equal protection of the laws because it invidiously classifies her vis-a-vis other misdemeanor violators. According to the defendant, § 76-10-1204(2) was the only misdemeanor imposing a mandatory minimum sentence at the time the defendant was charged. The defendant asserts that the statutory scheme creates a class that should be subject to strict scrutiny.

The defendant does not demonstrate why a strict scrutiny standard, rather than a rational basis standard, should be applied in determining the constitutionality of the classification. The only support the defendant offers is *Erznoznik v. City of Jacksonville,* 422 U.S. 205, 95 S.Ct. 2268, 45 L.Ed.2d 125 (1975), in which the Supreme Court held unconstitutional a state statute that prohibited drive-in theaters from showing films containing nudity. The basis for the *Erznoznik* decision, however, was that the classification at issue related to constitutionally protected speech. That is not true in the instant case.

■ In our view, the rational basis test is the appropriate test to apply. The classification made by the statute in this case is not founded on a suspect class, nor does it impinge on a fundamental liberty, as that term has been used in equal protection cases. The statute in question bears a reasonable and substantial relation to a legitimate state objective. Therefore, mandatory incarceration for a reasonable time of employees who knowingly distribute por-

nographic material is not unconstitutional as a violation of the Equal Protection Clause.

### III.

 The defendant argues that § 76–10–1204(2) violates the First Amendment because that section has a chilling effect on protected speech. Specifically, she argues that ticket takers, clerks and other non-managerial employees are frequently unable to know if the material they distribute is pornographic or nonpornographic. Faced with the possibility of a seven-day minimum jail sentence for a first-time violation, they will, she asserts, forego employment in the distribution of materials protected by the First Amendment rather than risk prosecution. This argument ignores the fact that to be convicted of distributing pornographic material under § 76–10–1204, a defendant must know that the material distributed is pornographic.[2]

### IV.

The defendant also raises a fourth issue, namely, that § 76–10–1204(2) violates the separation of powers doctrine under Article V, § 1 of the Utah Constitution. Since the defendant fails to support this argument by any legal analysis or authority, we decline to rule on it.

For the above-stated reasons, the sentence of the trial court is affirmed.

HALL, C.J., and HOWE and DURHAM, JJ., concur.

ZIMMERMAN, J., does not participate herein.

---

**2.** Subsection (1) states:
 A person is guilty of distributing pornographic material when he *knowingly:*
 ....

 (c) Distributes or offers to distribute ... any pornographic material to others. . . [emphasis added.]