STATE of Utah, Plaintiff and Appellee,

v.

George WAREHAM, Defendant
and Appellant.

No. 860312.

Supreme Court of Utah.

March 31, 1989.

Rehearing Denied April 28, 1989.

R. Paul Van Dam, David B. Thompson, Salt Lake City, for plaintiff and appellee.

Robert Van Sciver, Margo L. James, Salt Lake City, for defendant and appellant.

STEWART, Justice:

Defendant George Wareham appeals his conviction of one count of aggravated sexual abuse of a child, a first degree felony.

The victim is defendant's eight-year-old daughter, who was six when the act complained of occurred. She saw a movie at school about sex abuse and shortly thereafter began asking her mother questions about the movie. Sometime thereafter, she told her mother that defendant had been touching her between her legs. The mother confronted defendant with her daughter's allegations, and defendant told her he would stop doing it. Thereafter, the marriage deteriorated to the point that defendant moved out of the house and filed for divorce. When Mrs. Wareham told her two older daughters, aged 16 and 21, about the impending divorce, they both told their mother that defendant had also molested them when they were children. Because of this additional revelation, Mrs. Wareham went to the police.

Defendant was charged with aggravated sexual abuse of a child based on the allegations that he had molested his two older daughters as well as the younger one. The State charged defendant under Utah Code Ann. § 76–5–404.1 (Interim Supp.1984), which provided:

(1) A person commits sexual abuse of a child, if, under circumstances not amounting to rape of a child, object rape of a child, or sodomy upon a child or an attempt to commit any of these offenses, the actor touches the anus, buttocks, or genitalia of a child who is under the age of 14, or touches the breast of a female child who is under the age of 14, or otherwise takes indecent liberties with a child, or causes a child to take indecent liberties with the actor or another, with intent to cause substantial emotional or bodily pain to any person or with the intent to arouse or gratify the sexual desire of any person regardless of the sex of any participant.

(2) Sexual abuse of a child is punishable as a felony of the second degree.

(3) A person commits aggravated sexual abuse of a child when in conjunction with the offense described in Subsection (1) any of the following circumstances have been charged and admitted or found true in the action for the offense:

(g) The accused committed, in Utah or elsewhere, more than five separate acts, which if committed in Utah would constitute an offense described in this chapter, and were committed at the same time, or during the same course of conduct, or before or after the instant offense;

. . . .

(4) Aggravated sexual abuse of a child is punishable as a felony of the first degree by imprisonment in the state prison for a term which is a minimum mandatory term of 3, 6, or 9 years and which may be for life.

Prior to trial, defendant made a motion *in limine* to exclude the testimony of his two older daughters, and the motion was denied. Defendant also made a continuing objection to the use of his older daughters' testimony at the commencement of the trial.

Before the victim testified concerning the specific allegation of sexual abuse charged in the information, the older daughters both testified that prior to the onset of puberty they had each been sexually abused on numerous occasions by defendant. The twenty-one-year-old testified that the abuse started when she was about five and continued about once a week until she was almost twelve. The sixteen-year-old testified that defendant started abusing her when she was seven and continued to do so until she was almost twelve and that the abuse occurred four to five times a week. Neither of the two older daughters tied the instances of abuse against them to specific dates or occasions or even to any particular year. Nor did they testify as to any details of specific incidents. They testified only to general information regarding defendant's actions with each of them.

Before trial, Wareham admitted in an interview with a police detective that he had fondled the eight-year-old once and the sixteen-year-old four to five times per week. The tape of this interview was played for the jury. At trial, however, defendant denied sexually abusing any of his daughters. He claimed his admissions during the police interview were the result

of his desire to keep his daughters from having to appear in court because, according to him, a police officer had told him that if he admitted his guilt, he would receive treatment and his daughters would not have to testify.

The jury found defendant guilty of one count of aggravated sexual abuse of a child, and the court sentenced him to a minimum mandatory term of imprisonment of six years. He was also ordered to pay $1,456 in restitution to the Department of Family Services. The trial court granted Wareham's application for a certificate of probable cause, and he was subsequently released on bail pending resolution of this appeal.

On appeal, Wareham asserts that his two older daughters, who were not the victims of the primary offense, should not have been allowed to testify about the abuse committed on them before a verdict was rendered on the underlying charge. He contends that their testimony was used to show that he had an evil or criminal character and a propensity to commit criminal acts which unfairly prejudiced him on the trial of the charged offense. Wareham also asserts that under § 76–5–404.1(3)(g), aggravating acts should be directed at the same victim and, therefore, that the testimony of his older daughters was not relevant to the substantive crime. Wareham claims that the admission of his older daughters' testimony denied him a fair trial in contravention of his right to due process under the Fourteenth Amendment to the federal constitution and Article I, sections 7 and 12 of the Utah Constitution.

Wareham also asserts that § 76–5–404.1(3)(g) is unconstitutionally vague because it places no limitations on the identity of the victim, the remoteness of the conduct alleged, or the type of offense which may elevate simple sexual abuse to aggravated sexual abuse.[1]

## I. PRESENTATION OF PROPER OBJECTION

The State contends that Wareham is not entitled to raise the issue of the admissibility of his daughters' testimony because he did not properly preserve his objection to the admission of that evidence. We disagree.

Defendant filed a motion to suppress the testimony of his two older daughters. That motion was heard on April 16, 1986, by Judge Ronald Hyde. The record contains no indication that Judge Hyde ruled on defendant's motion, but he did request the filing of memoranda from both counsel. On April 29, 1986, the trial started, and Judge John Wahlquist presided. The trial transcript starts by noting that counsel for each side and the judge conducted an off-the-record conference, but there is no indication of the subject matter of that conference. Although the record does not indicate that Judge Wahlquist ever denied defendant's pretrial motion, both sides agree that defendant's motion was denied, even though it is not clear which judge did so.

The procedure in this case raises the question of whether the requirements of *State v. Lesley*, 672 P.2d 79 (Utah 1983), were fulfilled. *Lesley* requires a party to object at trial to the introduction of evidence even though a pretrial motion to suppress had been made and denied if the pretrial judge and the trial judge were different. *See State v. Johnson*, 748 P.2d 1069, 1071–72 (Utah 1987). *Lesley* is based on the rationale that a trial judge should be afforded "an opportunity to avoid error in the trial which may have been created by an improper ruling on a pretrial motion...." 672 P.2d at 82.

---

1. Utah Code Ann. § 76–5–404.1(3)(g) (Supp. 1988), the subsection at issue in this case, provides that aggravated sexual abuse of a child may be established by proving one incident of sexual abuse of a child and then proving that "[t]he accused committed, in Utah or elsewhere, more than five separate acts, which if committed in Utah would constitute an offense described in this chapter...." Utah Code Ann.

Title 76, Chapter 5, which contains the aggravated child sexual abuse provision, is entitled "Offenses Against the Person" and includes offenses ranging from first degree murder to mayhem, a second degree felony, and to unlawful detention, a class B misdemeanor, as well as the specific category of offenses, under the statutory subheading "Sexual Offenses," within which child sexual abuse is included.

The transcript of the trial of this case indicates that at the start of trial proceedings, defense counsel lodged a continuing objection to evidence of any acts of sexual impropriety between Wareham and either of his older daughters. This objection apprised the trial judge of the problems which defendant perceived in the testimony of the older daughters. The requirements of *Lesley* were therefore fulfilled, preserving defendant's objection for appeal.

## II. ADMISSIBILITY OF OTHER ACTS OF SEXUAL ABUSE AS AGGRAVATING CIRCUMSTANCES

▆ From the earliest days of statehood, this Court has rigorously applied the rule that evidence of a defendant's prior crimes or bad acts is not admissible to show criminal propensity in a criminal case. Such evidence may be admitted only if the evidence has a very high degree of probativeness with respect to a particular element of the crime charged and will not otherwise result in undue prejudice. *See, e.g., State v. Huggins,* 18 Utah 2d 219, 418 P.2d 978 (1966); *State v. Winget,* 6 Utah 2d 243, 310 P.2d 738 (1957); *State v. Williams,* 36 Utah 273, 103 P. 250 (1909). That rule has been carried into our present rules of evidence by Rule 404(b) of the Utah Rules of Evidence, which states, "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." However, Rule 404(b) also states that prior crimes evidence is "admissible for *other purposes,* such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." (Emphasis added.) Thus, evidence may be adduced "to establish any of the constitutive elements of the crime of which the defendant is accused in the case on trial, even though such evidence tends to prove that the defendant has committed other crimes." *State v. Peterson,* 83 Utah 74, 80, 27 P.2d 20, 22 (1933). *See also People v. Thompson,* 27 Cal.3d 303, 314–21, 611 P.2d 883, 887–92, 165 Cal.Rptr. 289, 293–98 (1980); *State v. Jenkins,* 158 Conn. 149, 152–53, 256 A.2d 223, 225 (1969); *Bedgood v. State,* 477 N.E.2d 869, 872–73 (Ind.

1985); *State v. Conner,* 314 N.W.2d 427, 429 (Iowa 1982); *State v. Knecht,* 181 Neb. 149, 156–57, 147 N.W.2d 167, 173 (1966); *State v. Lemon,* 497 A.2d 713, 721 (R.I. 1985); *State v. Pacheco,* 712 P.2d 192, 195 (Utah 1985). In addition, evidence of other crimes has been held admissible where the offense is so linked with the crime charged in point of time and circumstance that one cannot be shown without proving the other. *See State v. Gillies,* 40 Utah 541, 546–47, 123 P. 93, 95 (1912).

Defendant was charged with aggravated sexual abuse of a child. Section 76–5–404.1(3)(g) defines aggravated sexual abuse as the commission of one act of sexual abuse of a child plus "more than five separate acts, which if committed in Utah would constitute an offense described in this chapter, and were committed at the same time, or during the same course of conduct, or before or after the instant offense." Thus, the challenged testimony was admissible to prove an element of the crime charged under a standard rule of evidence.

## III. PRIOR CRIMES EVIDENCE AND DUE PROCESS

The next issue is whether the aggravated sexual abuse provision in § 76–5–404.1(3)(g) violates due process. We consider first the federal constitution. The United States Supreme Court has addressed the admissibility of prior crimes evidence in the context of state habitual criminal statutes. *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), held that the introduction of other convictions evidence to obtain a conviction under a state recidivism statute, despite the danger of unfair prejudice, is not a violation of due process when a limiting instruction is given to the jury. *Id.* at 563, 87 S.Ct. at 653. *See also Marshall v. Lonberger,* 459 U.S. 422, 438 n. 6, 103 S.Ct. 843, 853 n. 6, 74 L.Ed.2d 646 (1983) (reaffirming *Spencer*). The Court concluded that even though severance or bifurcation might result in less prejudice to the defendant in such cases, due process did not impose such requirements.

We turn next to the due process clause of the Utah Constitution. This Court has frequently reiterated the long-established proposition that a person may be tried only for specific conduct and not because he or she has a bad character or a disposition to commit crime. The cases have all been decided under the rules of evidence in force at the time (all of which have been similar in their effect). *State v. Tarafa*, 720 P.2d 1368, 1369–70 (Utah 1986); *State v. Saunders*, 699 P.2d 738, 741–42 (Utah 1985); *State v. McCumber*, 622 P.2d 353, 356 n. 10 (Utah 1980); *State v. Gotfrey*, 598 P.2d 1325, 1328 (Utah 1979); *State v. Winget*, 6 Utah 2d 243, 244, 310 P.2d 738, 739 (1957); *State v. Nemier*, 106 Utah 307, 312, 148 P.2d 327, 329 (1944); *State v. Williams*, 36 Utah 273, 277–78, 103 P. 250, 252 (1909). "[O]ur criminal justice system is concerned with whether a defendant committed a particular criminal act, not whether the defendant is an unregenerate person who has failed in the past to adhere to the various customs and laws of our society." *State v. Tanner*, 675 P.2d 539, 554 (Utah 1983) (Stewart, J., dissenting).

When a person stands accused of a sex crime, this Court has uniformly rejected the admission of evidence that the defendant committed other sex crimes against persons other than the complaining witness. For example, *State v. Williams*, 36 Utah 273, 103 P. 250 (1909), reversed the defendant's conviction of rape of a child where the prosecutrix testified that the defendant told her he had done the same thing to other girls and where the prosecutor was allowed to cross-examine the defendant concerning these other alleged incidents. *State v. Winget*, 6 Utah 2d 243, 310 P.2d 738 (1957), reversed a conviction for rape of the defendant's daughter because the trial court admitted the testimony that the defendant had raped his seventeen-year-old stepdaughter on four occasions four to eight years earlier. We have even gone as far as to suggest that *the joinder* of unrelated crimes for trial may jeopardize a defendant's "fundamental rights of due process." *State v. McCumber*, 622 P.2d 353, 356 (Utah 1980). *Cf. State v. Tarafa*, 720 P.2d 1368; *State v. Saunders*, 699 P.2d 738; *State v. Gotfrey*, 598 P.2d 1325.

Recently, in *State v. Bishop*, 753 P.2d 439 (Utah 1988), the Court considered the admission of other crimes evidence under the aggravated sexual abuse statute as it existed prior to its amendment in 1984. The statute provided for enhanced penalties for a "convicted" person who had, in addition to the principal offense, also "committed more than five separate offenses [of sexual abuse] under this section...." Utah Code Ann. § 76–5–404.1(3)(g) (Supp. 1983). A majority of the Court held that the plain meaning of the term in the statute required that a jury first convict on the primary charge and only then could the jury hear evidence of the acts constituting aggravated sexual abuse and render a decision accordingly. 753 P.2d at 489, 491, 494–99 (opinions of Zimmerman, J., concurring in the result, and Stewart, A.C.J., and Durham, J., concurring in the opinion of Zimmerman, J.). Thus, three members of the Court in *Bishop* concluded that the language of the pre–1984 statute required a two-stage trial, i.e., an initial trial with respect to the evidence relating to the primary offense, and once that was found by the trier of fact beyond a reasonable doubt, a subsequent trial on the issue of the aggravating circumstances.

Relying on *Tarafa*, *Saunders*, and *McCumber*, Justice Zimmerman, joined by Justice Durham, also concluded in *Bishop* that the admission of other crimes evidence under former § 76–5–404.1(3)(g) violated the defendant's right to due process under the Utah Constitution and necessitated bifurcation under § 76–5–404.1(3)(g) as it now reads. 753 P.2d at 498. The author of the instant opinion thought it unnecessary to reach that issue and declined to do so. 753 P.2d at 491 (Stewart, A.C.J., concurring).

Even though *Tarafa*, *Saunders*, and *McCumber* suggest that due process may be violated in some circumstances by the admission of other crimes evidence at the guilt stage, and even though there may be great danger of undue prejudice in admitting such evidence, we decline to decide

whether the admission of such evidence in this case violates the due process clause of our federal or state constitution. Certainly, *Bishop* does not compel this conclusion, since the statutory term "convicted person" suggested a legislative intent that the aggravating crime evidence come in after a verdict of guilty on the charge of sexual abuse, thereby minimizing the possibility of prejudice.

Nevertheless, the courts have traditionally, and by necessity, had the power to control the order of proof in the interests of justice, fairness, and efficiency. The imposition of a bifurcation requirement to prevent prejudice is consistent with the power of this Court to supervise the order of presentation of evidence and other procedural matters. *See, e.g., Bishop,* 753 P.2d at 499 (Zimmerman, J., concurring in the result); *Hogge v. Hogge,* 649 P.2d 51, 53–54 (Utah 1982). *See also State v. James,* 767 P.2d 549 (Utah 1989); *In re Criminal Investigation,* 754 P.2d 633, 640–44 (Utah 1988); *State v. Lafferty,* 749 P.2d 1239, 1259–60 (Utah 1988); *State v. Long,* 721 P.2d 483, 492 (Utah 1986). Utilization of the court's supervisory power is consistent with our policy of seeking not to decide constitutional issues when possible. It provides an alternative to deciding the constitutional issue and still avoids at least some of the taint of prejudice that comes from the admission of evidence of multiple crimes. *See State v. McCumber,* 622 P.2d 353 (Utah 1980); *State v. Gotfrey,* 598 P.2d 1325 (Utah 1979).

The Legislature has not, in our view, precluded such an approach. The current statutory language refers to other acts committed by "the accused," rather than the "convicted person." The term "accused" in the present statute implies neither a single stage procedure nor a bifurcated procedure for considering evidence of aggravating acts of child abuse. In light of the long-standing hostility of Utah law to the admission of evidence of other unrelated crimes except in narrow circumstances, and absent a clear indication from the Legislature indicating that § 76–5–404.1(3)(g) was intended to be implemented in a one-step trial, which would then force us to address the constitutional issue, we believe that bifurcation is appropriate.

Thus, a defendant's guilt or innocence on the primary charge of sexual abuse should first be determined by the trier of fact before evidence of the aggravating acts are adduced under subsection (3)(g) of the amended statute.[2] If the jury convicts on the primary charge, then evidence of the additional acts charged should be adduced and a second verdict returned determining whether the defendant is guilty of aggravated sexual abuse or simple sexual abuse. Two additional requirements are implicit in the procedure set forth in *Bishop.* First, the jury should not be informed of the charge of aggravated sexual abuse at the outset of the trial of the underlying charge. The jury should only be informed of the underlying charge of sexual abuse. Also, a limiting instruction should be given to the jury at the close of the second phase instructing the jury that it is not to consider the defendant's conviction of the primary crime in determining whether each of the aggravating circumstances has been proven beyond a reasonable doubt.

We recognize that this procedure cannot avert all prejudice. The second phase of the trial may be tainted to some extent by the first phase, and in any event, if there are allegations of multiple aggravating acts of sexual abuse in the second phase, they will cross-contaminate the jury's con-

---

**2.** Justice Zimmerman described the procedure to be followed under the pre–1984 aggravated child sexual abuse provision as follows:

First, evidence regarding the underlying crime should be admitted, and the jury should be asked to determine guilt or innocence based on that evidence alone. Second, if a guilty verdict is returned on the underlying charge, then evidence regarding the enhancing circumstances should be heard by the same jury for the purpose of determining whether those circumstances have been proven beyond a reasonable doubt. Only if the jury finds that the circumstances have been proven would the "convicted person" receive the enhanced penalty.

753 P.2d at 498 (Zimmerman, J., concurring in the result) (footnotes omitted).

sideration of each such charge in the second phase. Nevertheless, if the State wins the first phase, the defendant will at least have had the benefit of a determination made without the crushing weight of a multitude of prejudicial charges and evidence in support thereof.

If the State loses the first charge, it might be able to file again on one of the instances constituting aggravated sexual abuse without violating the double jeopardy clause. Nevertheless, a number of repetitive charges after prior acquittals might well run afoul of the Utah due process clause.

In short, because this case can be decided on the preferred ground of statutory construction, we decline to reach the issue of whether § 76–5–404.1(3)(g) is invalid on state constitutional grounds. *See Greaves v. State,* 528 P.2d 805, 806–07 (Utah 1974).

In sum, the trial court erred in admitting the testimony of defendant's two older daughters that he had sexually abused them before the jury decided whether defendant had committed the primary charge alleged against him.

## IV. VAGUENESS

Wareham also argues that subsection (3)(g) is unconstitutionally vague. The assertion is that subsection (3)(g) does not limit aggravating circumstances to those committed on the victim of the primary crime, nor does it limit the remoteness of the offenses or the type of offenses which may be alleged as aggravating factors. As a general proposition, a statute is not unconstitutionally vague because it is broad. The essential test is whether the statute imparts fair notice of what conduct is prohibited. We believe that the statute imparts fair notice and is not unconstitutionally vague for the reasons asserted by defendant.

However, we decline to rule on whether the statute is unconstitutional on some other ground for failing to impose the limitations contended for by defendant. Wareham's brief wholly lacks legal analysis and authority to support his argument that the lack of such limitations makes the statute unconstitutional. Rule 24(a)(9) of the Rules of the Utah Supreme Court requires that the argument section of a brief "contain the contentions of the [party] with respect to the issues presented *and the reasons therefor,* with citations...." *See State v. Amicone,* 689 P.2d 1341, 1344 (Utah 1984). A brief must contain some support for each contention. Wareham's brief totally fails to provide any reasons to support the contention that the statute is vague. We therefore must disregard this issue.[3]

## V. DISPOSITION

■ Viewing the case in its entirety, we conclude that the admission of the testimony of defendant's daughters as to the aggravating acts did not affect the outcome in this case. The force of defendant's own confession on the primary charge was so compelling as to wipe out the shadow of prejudice. Other evidence also supported his conviction. The parties stipulated that the religious leader of the oldest daughter would testify that she had told him several months prior to the time when defendant announced his plans for divorce that defendant had sexually molested her. We reverse only if an error erodes our "confidence in the outcome," and we conclude that absent the error a different outcome was not reasonably likely. *State v. Knight,* 734 P.2d 913, 919–23 (Utah 1987).

Affirmed.

HALL, C.J., concurs.

---

**3.** Our resolution of this issue should not in any way be construed as ruling on the merits of the constitutional attack against subsection (3)(g). In fact, that portion of the subsection which might allow a prosecutor to charge nonsexual misconduct which may be an offense under Chapter 5 of Title 76 is particularly problematic and may be subject to unconstitutional application (see footnote 1). While a rational basis may exist for allowing other sexual offenses to operate as aggravating factors in a child sexual abuse case, a rationale which permits the use of any other nonsexual crime set forth in the chapter is tenuous at best.

ZIMMERMAN, Justice: (concurring).

I join the opinion of Justice Stewart. In doing so, however, I in no way retreat from the views of article I, section 7 expressed in *State v. Bishop*, 753 P.2d 439, 492, 497–98 (Utah 1988) (Zimmerman, J., concurring in the result). As Justice Stewart notes, it is unnecessary to reach that question here, just as it was in *State v. James*, 767 P.2d 549 (Utah 1989), and *State v. Gardner*, 101 Utah Adv.Rep. 3, (Jan. 31, 1989). *See Gardner.*

DURHAM, J., concurs in the concurring opinion of ZIMMERMAN, J.

HOWE, Associate C.J., concurs in the result.