McMILLAN, Judge.
The appellant, Sidney Wallace Johnston, was indicted on charges of felony driving under the influence (D.U.I.) under § 32-5A-191(f), Code of Alabama 1975; misdemeanor D.U.I. under § 32-5A-191(a)(2), Code of Alabama 1975; and driving while his license was revoked or suspended. At trial, the court charged the jury only as to the misdemeanor offense. The appellant subsequently was found guilty on that charge and also on the charge of driving while his license was revoked. At sentencing, the State offered evidence of 3 prior D.U.I. - convictions. The court then dismissed the misdemeanor D.U.I. count and adjudged the appellant guilty on the felony count. He was sentenced to 5 years’ imprisonment and was ordered to pay a $2,000 fine, $50 to the crime victims compensation fund, and court costs.
I.
The appellant contends that the trial court erred in denying his motion to suppress discovery, due to the prosecutors’ *437 “flagrant violation” of the discovery rules. The record reveals the following:
November 27, 1995: Appellant flies motion for discovery.
December 21, 1995: Appellant flies motion to suppress discovery, due to State’s failure to provide requested information.
January 25, 1996: Hearing conducted and motion denied.
January 26, 1996: Court issues discovery order, stating that prosecutor is to provide requested information “within 21 days or the 16th day of February 1996.”
February 1, 1996: Notice of trial priority filed by prosecutor.
February 9,1996: Appellant renews motion to suppress. Discovery provided by prosecutor.
February 14, 1996: Hearing on renewed motion to suppress. Motion denied and trial begins.
The appellant states that before January 26 his counsel and the prosecutor had several conversations regarding discovery, and counsel twice tried to obtain those items as to which he sought discovery. On February 8, he says, counsel’s partner again attempted to obtain those items sought in discovery and was told that they could not be found. He argues that late in the day on February 9 some material was sent by facsimile transmission to his counsel, but it was illegible; moreover, the accident report and his statement were not provided. In addition, he says, one of the State’s witnesses was not listed in the court’s file and the history of his driver’s license suspension which, he says, he could not independently obtain, was not provided. He argues that these circumstances indicate willfulness on the part of the prosecutor, and he argues that the appropriate sanction is withholding discovery.
However, before ruling on the appellant’s motion, the trial court inquired as to the circumstances surrounding the discovery issue. The court determined that much of the material provided by the State was legible and that the accident report could have been independently obtained. The prosecutor informed the court that the only statement made by the appellant was that “he hadn’t had anything to drink since such and such an hour,” which the prosecutor believed he had mentioned in conversation with the appellant’s attorney, rather than put into writing, because of the brief amount of time before trial. The court determined that the omission of the witness’s name was clerical and could be remedied because the witness was present in court. The court did not allow into evidence the report of the suspensions of the appellant’s driver’s license because of its late disclosure. Based on the record, the trial court did not abuse the wide discretion granted under Rule 16.5, Ala. R.Crim.P. by determining that suppression of all of the discovery was not required to fashion appropriate relief.
II.
The appellant contends that the trial court erred in denying his motion for a judgment of acquittal, because, he says, the State failed to provide evidence of his prior D.U.I. convictions. He notes that § 32-5A-191(f), Code of Alabama 1975, provides that a person is guilty of a Class “C” felony if that conviction is the fourth or subsequent conviction within a 5-year period. He argues that, because the court “did not allow any evidence of [his] prior convictions to be heard,” an essential element of the offense was not proven.
The record reveals that before trial, the trial judge stated, “[U]nless the Defendant wishes for me to do so, I’m not going to allow the State to introduce evidence of prior convictions. I’m gonna [sic] treat those as an enhancement as opposed to an element of the offense.” The record further reveals that the appellant did not object to the procedure the court outlined. However, the requirement to prove the essential elements of an offense cannot be waived.
*438 In State v. Parker, 740 So.2d 421 (Ala.Cr.App.1996), this Court stated that, because prior D.U.I. convictions cause the misdemeanor offense to become a felony offense and create a distinction as to which court may have jurisdiction, a defendant’s prior D.U.I. convictions should be named in the indictment and considered an element of the offense. See Cain v. State, 562 So.2d 306 (Ala.Cr.App.1990) (reference in indictment to prior marijuana conviction does not violate due process because the prior conviction was an element of the charged offense of felony marijuana possession).
In the present case, the appellant was charged in the indictment with felony D.U.I., but his prior D.U.I. convictions were not introduced at trial or treated as an element of that offense. Therefore, he was improperly adjudged guilty of the felony offense. The judgment is, therefore, due to be reversed and the cause remanded to the trial court for reinstatement of the jury’s verdict of guilty of misdemeanor driving under the influence and resentenc-ing in conformity therewith.
REVERSED AND REMANDED.
All judges concur except LONG, J., who dissents without opinion.