The appellant, Steven Jeffery Cain, was convicted of violating the Uniform Controlled Substances Act by possessing marijuana. See § 13A-12-213, Code of Alabama 1975. He was sentenced to three years in prison.
The evidence tended to show that on September 22, 1988, the appellant was stopped for driving in a reckless manner. When the officer approached appellant's car and asked for his driver's license, he noticed a strong smell of marijuana. Appellant admitted to the officer that he had smoked a marijuana cigarette an hour before he was stopped. A search was done of appellant's vehicle after he had signed a consent form. A matchbox was discovered containing a partially used marijuana cigarette. When asked if this was his, appellant replied, "Oh, shit."
 I
On appeal, appellant contends that he was denied due process by the fact that the indictment, which was read to the jury, contained a reference to a previous marijuana conviction. Appellant was indicted under § 13A-12-213, Code of Alabama 1975, which makes possession of marijuana for personal use a felony if the individual has previously been convicted of the same offense. Under § 13A-12-213, Code of Alabama 1975, a prior conviction is an element of the offense.
The United States Supreme Court in Spencer v. Texas,385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), faced a similar issue when called upon to rule on the constitutionality of a Texas statute. The statute provided that prior offenses be set out in the indictment when the state was seeking punishment under the habitual offender statute. It also provided that the jury be instructed not to consider the prior offenses when determining the appellant's guilt or innocence. "Texas juries have had authority to impose punishment since 1846, but in all but 11 states this power is held by the judge," 385 U.S. at 566, n. 11, 87 S.Ct. at 655, n. 11. The Supreme Court upheld the statute, though the appellants might be prejudiced in some way. A Louisiana court has explained Spencer as follows: "[T]he court concluded that the use of prior crime evidence in a one-stage recidivist trial is justified, despite the prejudicial effect which is acknowledged to inhere in this practice, because (1) the admonitory instruction is given which the jury is expected *Page 308 
to follow in limiting the evidence to its proper function, and (2) a valid state purpose is served by its introduction, viz., the enforcement of recidivist laws." State v. Green,493 So.2d 588, 591 (La. 1986).
In Alabama we have addressed this issue in relation to the Alabama Death Penalty Statute (§ 13-11-1, Code of Alabama 1975, later codified at 13A-5-30, Code of Alabama 1975, but subsequently replaced by § 13A-5-40, Code of Alabama 1975). See, Hubbard v. State, 382 So.2d 577 (Ala.Cr.App. 1979), aff'd,382 So.2d 597 (Ala. 1980), rev'd, 405 So.2d 695
(Ala.Cr.App. 1981), and Hubbard v. State, 500 So.2d 1204
(Ala. Cr. App), aff'd, 500 So.2d 1231 (Ala. 1986), cert. denied,480 U.S. 940, 107 S.Ct. 1591, 94 L.Ed.2d 780 (1987). The statute required that a prior conviction of murder be alleged if the indictment in an individual was charged with a second murder and death was the punishment sought. The Hubbard court, relying on Spencer, supra, upheld this practice:
 "The obvious purpose of this requirement is to ensure that the accused is fully advised and informed of the nature and extend of the offense for which he stands charged. [Citations omitted.] The aggravating circumstance is a statutory element of the crime which must be alleged and proven. The jury must find the existence of the aggravating circumstance even though the enhanced punishment is left to be imposed by the trial judge. [Citations omitted.]"
Hubbard, 500 So.2d at 1215. See also, Nelson v. State,511 So.2d 225 (Ala.Cr.App. 1986).
In Spencer, the jury was given limiting instructions concerning the use of the prior conviction. This was also done in the instant case. Thus, appellant's due process rights were not violated. The prior conviction was an element of the charged offense and the jury was thoroughly instructed to disregard the prior offense when considering the guilt or innocence of the appellant. No error occurred in this instance.
 II
Appellant further argues that § 13A-12-213, Code of Alabama 1975, is unconstitutional in that, he argues, it fixes a harsher punishment for possession of marijuana once an individual has been convicted of a similar offense.
We have held like statutes to be constitutional. As Judge Patterson stated in Hubbard, supra, when discussing the Alabama Death Penalty Statute:
 "Such statutes and other enhanced-sentence laws, including recidivist statutes, have been sustained on many occasions against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection and privileges and immunities. [Citations omitted.] The conviction and sentence in the instant case are not to be viewed as either a new jeopardy or additional penalty for the earlier crime. The present sentence is an enhanced penalty for the latest crime, which is considered to be an aggravated offense because it is a repetitive one."
Hubbard, 500 So.2d at 1215.
Section 13A-11-72, Code of Alabama 1975, has also been declared constitutional. See Bristow v. State, 418 So.2d 927
(Ala.Cr.App. 1983). The statute reads:
 "(a) No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his possession or under his control.
 "(b) No person who is a drug addict or an habitual drunkard shall own a pistol or have one in his possession or under his control."
Further, the Alabama Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975, has on many occasions been held constitutional. See § 13A-5-9, Code of Alabama 1975, and cases cited therein.
For the reasons stated above, we uphold the constitutionality of § 13A-12-213. Appellant received a fair trial and his conviction is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 309