The State of Alabama appeals from the trial court's order granting Leibert Levoy Brooks's pretrial motion to suppress evidence of Brooks's prior convictions in a prosecution against Brooks for two counts of driving under the influence of alcohol. The trial court's ruling on the motion to suppress prohibits the State from introducing evidence of two prior DUI convictions for the purpose of enhancing Brooks's present offense under § 32-5A-191(f), Ala. Code 1975. Section32-5A-191(f) provides, in pertinent part:
 "On a fourth or subsequent conviction within a five-year period, a person convicted of violating this section shall be guilty of a Class C felony and punished by a fine not less than four thousand dollars ($4,000) nor more than ten thousand dollars ($10,000) and by imprisonment of not less than one year and one day nor more than 10 years."
The acts forming the basis of the two-count indictment against Brooks in this case were alleged to have occurred on March 17, 1995. The State proceeded against Brooks under §32-5A-191(f), intending to enhance the present offenses based on Brooks's three prior DUI convictions, which, the record shows, occurred on July 24, 1990, August 2, 1990, and December 12, 1991. Brooks moved to suppress evidence of two of these prior convictions. At the pretrial hearing on Brooks's motion, the State contended that because the three prior convictions occurred within five years of the acts forming the basis of the present charges against Brooks, evidence of all three prior convictions was admissible to enhance Brooks's latest misdemeanor offenses to Class C felonies, as provided by §32-5A-191(f). The trial court, however, held that §32-5A-191(f) requires that the defendant actually be convicted
— as opposed to having merely committed the acts forming the basis of the latest DUI charge — within five years of any three prior DUI convictions for the statute's enhancement provisions to apply. Because by the time of the August 21, 1995, hearing on Brooks's motion to suppress, two of Brooks's three prior DUI convictions were more than five years old — and Brooks had not yet been tried and convicted on the latest DUI charge — the trial court ruled that the State could not proceed against Brooks under § 32-5A-191(f) and granted Brooks's motion to suppress evidence of his July 24, 1990, and August 2, 1990, DUI convictions.
Rules of statutory construction and prior case law require us to agree with the trial court's interpretation of §32-5A-191(f). Section 32-5A-191(f) clearly provides for enhancement of a DUI offense "[o]n a fourth or subsequentconviction within a five-year period. . . ." (Emphasis added.) It thus appears from the language of § 32-5A-191(f) that the date of conviction, rather than the date of the acts forming the basis of the charges, or some other date, controls for purpose of enhancement under § 32-5A-191(f). It is the duty of the court to give effect to the legislative intent expressed in the clear language of a statute. Parker v. Hilliard,567 So.2d 1343 (Ala. 1990). If the legislature intended for some date other than *Page 58 
the date of conviction to control under § 32-5A-191(f), it is the province of the legislature to clarify the matter in the language of the statute. We must "enforce the statute as written." Allen v. Hawes, 539 So.2d 273, 276
(Ala.Civ.App. 1988).
Further militating against the statutory construction urged by the State in this case is our holding in Loftin v. City ofMontgomery, 480 So.2d 606 (Ala.Cr.App. 1985), where we were faced with much the same issue presented here and held that for purposes of enhanced punishment for subsequent DUI convictions pursuant to § 32-5A-191(c), (d), and (e), Ala. Code 1975, "the date of conviction, rather than the date of the offense, controls." Loftin, 480 So.2d at 607. Although this court has noted that " '[t]he courts have given the word conviction many different legal meanings, depending on the situations in which it is used,' " Carroll v. State, 599 So.2d 1253, 1265
(Ala.Cr.App. 1992), aff'd, 627 So.2d 874 (Ala. 1993), cert. denied, 510 U.S. 1171, 114 S.Ct. 1207, 127 L.Ed.2d 554 (1994), we can find no case where a "conviction" has been construed to mean the acts forming the basis of a criminal charge.
Even if it were to be conceded that the language of §32-5A-191(f) is somewhat unclear, " 'ambiguous criminal statutes must be narrowly interpreted, in favor of the accused.' United States v. Herring, 933 F.2d 932, 937 (11th Cir. 1991)[, vacated on rehearing, 977 F.2d 1435 (11th Cir. 1992)]. '[I]t is well established that criminal statutes should not be "extended by construction." ' Ex parte Evers,434 So.2d 813, 817 (Ala. 1983). ' "[C]riminal statutes must be strictly construed, to avoid ensnaring behavior that is not clearly proscribed." ' United States v. Bridges, 493 F.2d 918,922 (5th Cir. 1974)." Carroll, supra, 599 So.2d at 1264.
Because if, at the time of the hearing, Brooks were to be convicted of the DUI offense charged in this case, that conviction would occur more than five years after two of the prior DUI convictions that the State intended to introduce, the trial court properly granted Brooks's motion to suppress.[1] The trial court's judgment is affirmed.
AFFIRMED.
All Judges concur.
[1] We recognize that our holding in this case may have the unfortunate effect of encouraging dilatory practices by defendants who seek to delay their trials so that their convictions will fall outside the five-year period of §32-5A-191(f).