740 So.2d 421 (1996)
STATE
v.
James Gregory PARKER.
CR-95-1435.
Court of Criminal Appeals of Alabama.
September 27, 1996.
Opinion on Rehearing September 26, 1997.
*422 Douglas Valeska, district atty., Dothan; and Jeff Sessions and Bill Pryor, attys. gen., and Rosa Davis and John J. Park, Jr., asst. attys. gen., for appellant.
Tom Motley, Dothan, for appellee.
Thomas W. Sorrells, Montgomery, for amicus curiae Alabama District Attorneys Ass'n.
Everette A. Price, Jr., Brewton, for amicus curiae Alabama Criminal Defense Lawyers Ass'n.
McMILLAN, Judge.
James Gregory Parker was indicted for felony driving under the influence, and because it was a fourth or subsequent conviction within a five-year period, the offense was enhanced to a Class C felony. See § 32-5A-191(f), Code of Alabama 1975. Thereafter, Parker filed a motion in limine seeking to preclude the prosecutor from making reference during trial to Parker's prior convictions for driving under the influence. The trial court granted this motion. The State appeals, arguing that this order "will be fatal to the prosecution of this charge, if not reversed on appeal."
The record indicates that the indictment alleged that Parker committed the now charged driving under the influence offense, and that he had a minimum of three prior convictions for driving under the influence within the preceding five years, which raised the offense to a Class C felony. See § 32-5A-191(f), Code of Alabama 1975. The trial court denied Parker's motion to dismiss this indictment. In his motion in limine, the appellee argued (1) that the State should be precluded from making any reference to these prior DUI convictions because he said, such references if made, would constitute an improper attempt to introduce evidence of bad character, and (2) that these prior convictions should be considered only for sentencing purposes.
The trial court's granting of the motion in limine, thereby prohibiting the State from referring to the prior driving under the influence convictions at any phase of trial, was clearly improper. Whether the prior DUI's were used as an element of the offense charged or strictly for purposes of sentencing enhancement, proof of these prior offenses must be introduced at some phase of trial. Furthermore, the prior convictions in this context elevate a misdemeanor offense to a felony offense. Such enhancement creates a question as to which court has jurisdiction over the matter. If, as in the present case the charged offense is a felony, the circuit court would have jurisdiction over both the trial and sentencing; however, if the prior convictions, which make the offense a felony, were not included in the indictment or as an element of the offense, the district court would have exclusive original jurisdiction over the charge, because driving under the influence is a misdemeanor traffic offense. § 12-12-51, Code of Alabama 1975. However, the district court could not sentence Parker, unless he were to plead guilty, because at that point the charge becomes a felony offense. See *423 §§ 12-12-4 and 12-12-32(b)(1), Code of Alabama 1975. Under this latter scenario, the matter would require a transfer to the circuit court for sentencing. In the interest of judicial efficiency, the prior convictions should be named in the indictment and considered an element of the offense.
Moreover, the Criminal Code in Alabama is full of similar provisions that make prior convictions an element of a charged offense. Ringer v. State, 501 So.2d 493, 494 (Ala.Cr.App.1986) (Escape in the first degree may be committed by one who "having been convicted of a felony ... escapes from custody imposed pursuant to that conviction." § 13A-10-31(a)(2), Code of Alabama 1975); Graves v. State, 632 So.2d 30, 31 (Ala.Cr.App.1992), rev'd in part, 632 So.2d 33 (Ala.1993) (A prior conviction of a crime of violence is an element of unlawfully carrying a pistol in violation of § 13A-11-72(a), Code of Alabama 1975). In Cain v. State, 562 So.2d 306, 308 (Ala. Cr.App.1990), this Court held that a prior conviction of unlawful possession of marijuana in the second degree or unlawful possession of marijuana for personal use is an element of unlawful possession of marijuana in the first degree, a violation of § 13A-12-213(a)(2), Code of Alabama 1975. In so holding, this court stated that the appellant's due process rights were not violated by the fact that the indictment, which was read to the jury, contained a reference to a previous conviction because "[t]he obvious purpose of [using a prior conviction as an element of the charged offense is to] ensure that the accused is fully advised and informed of the nature and extent of the offense for which he stands charged. The aggravating circumstance is a statutory element of the crime which must be alleged and proven." Cain at 308. Additionally, this court stated in Cain that, because the jury was given limiting instructions to disregard evidence of the prior offense when considering the guilt or innocence of the appellant, no due process violation occurred.
Section 32-5A-191(f), Code of Alabama 1975, provides:
"On a fourth or subsequent conviction within a five-year period, a person convicted of violating this section shall be guilty of a Class C felony and punished by a fine of not less than four thousand dollars ($4,000) nor more than ten thousand dollars ($10,000) and by imprisonment of not less than one year and one day nor more than 10 years. Any term of imprisonment may include hard labor for the county or state, and where imprisonment does not exceed three years confinement may be in the county jail. The minimum sentence shall include a term of imprisonment for at least one year and one day which may be suspended or probated, but only if the defendant enrolls and successfully completes a state certified chemical dependency program recommended by the court referral officer and approved by the sentencing court. Where probation is granted, the sentencing court may, in its discretion, and where monitoring equipment is available, place the defendant on house arrest under electronic surveillance during the probationary term. In addition to the other penalties authorized, the Director of Public Safety shall revoke the driving privilege or driver's license of the person so convicted for a period of five years.
"Any law to the contrary notwithstanding, the Alabama habitual felony offender law shall not apply to a conviction of a felony pursuant to this subsection, and a conviction for purposes of the enhancement of punishment pursuant to Alabama's habitual felony offender law."
The appellant's prior DUI convictions were necessarily included in the indictment because they made the charged offense a felony, which was properly tried in the circuit court. See § 12-11-30(2) and § 12-12-32(b)(1), Code of Alabama 1975.
Thus, in the present case, the trial court properly denied the appellant's motion to dismiss the indictment, which charged the *424 prior convictions as elements of the present offense, but erred in granting the appellant's motion in limine. Therefore, the judgment is due to be reversed and the cause remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
All judges concur, except LONG, J., who dissents, without opinion.

ON APPLICATION FOR REHEARING
McMILLAN, Judge.
On application for rehearing, the State, as the appellant, and the Alabama District Attorneys Association, as amicus curiae, filed motions pursuant to Rule 2(b), Ala. R.App.P., to suspend the rules and allow additional argument. This motion was granted and oral argument was allowed. Attorneys representing those two parties, defense counsel, and an attorney for the Alabama Criminal Defense Lawyers Association, as amicus curiae, participated in oral argument. During oral argument, James Gregory Parker, the appellee, argued that § 32-5A-191(f), Code of Alabama 1975, violated his right to due process of law, and that it was void for vagueness. (Since the appellee's indictment, § 32-5A-191 has been amended twice. What was subsection (f) at that time is currently substantially found in subsection (h).) In raising these issues, Parker acknowledges "that matters not presented on appeal cannot be considered on application for rehearing," Ex parte Howell, 431 So.2d 1328, 1329 (Ala.1983), but further notes that, pursuant to Rule 2(b), Ala.R.App.P., "for other good cause shown, an appellate court may suspend the requirements or provisions of any of these rules in a particular case." Therefore, we will address the issue of the constitutionality of the statute.
This Court reaffirms its holding that § 32-5A-191(f), now subsection (h), Code of Alabama 1975, created a substantive felony offense and that the prior convictions for driving under the influence constituted elements thereof, and must be charged in the indictment. The Florida Supreme Court has similarly held that, under Florida's statutory scheme, prior DUI convictions are elements of felony DUI.
"It is well settled that the existence of three or more prior DUI convictions is an essential element of felony DUI and therefore must be asserted in the document charging felony DUI. State v. Rodriguez, 575 So.2d 1262, 1265 (Fla.1991). In so finding, the Rodriguez court explained that the charging document must allege the essential facts against which the defendant must defend, in other words, `the essential facts constituting the offense charged.' Id. at 1264; see also Fla.R.Crim.P. 3.140(b). The court reasoned that, unlike the habitual offender statute, the felony DUI statute creates a substantive offense. Like the felony petit larceny statute, the existence of three or more prior DUI convictions elevates the degree or level of the crime. Analogizing to the felony petit larceny statute, the court concluded that `the existence of three or more prior DUI convictions is an essential fact constituting the substantive offense of felony DUI,' and therefore must be alleged in the charging document. Id. at 1265.
State v. Haddix, 668 So.2d 1064, 1066 (Fla. App.1996), review denied, 679 So.2d 773 (Fla.1996).
As to Parker's claim that the statute is unconstitutional as it violates his right to due process, the United States Supreme Court, in Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), addressed a Texas statutory procedure whereby Texas enforced its habitual offender statute by alleging the prior offenses in the indictment and introducing proof of these past convictions. In Spencer v. Texas, the defendant had contended that this statutory scheme violated his due process rights under the Fourteenth Amendment and was therefore unconstitutional. Under the procedure used in Texas, in conjunction with the admission of proof of the prior offenses during the guilt phase, the trial court would give a limiting *425 charge to the jury that the prior convictions were not to be taken into account in determining the defendant's guilt or innocence in the charged case. In upholding such a procedural scheme, the Court stated:
"As Mr. Justice Cardozo had occasion to remark, a state rule of law `does not run foul of the Fourteenth Amendment because another method may seem to our thinking to be fairer or wiser or to give a surer promise of protection to the prisoner at bar.' Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 105, 54 S.Ct. 330, 332, 78 L.Ed. 674. See also Buchalter v. People of State of New York, 319 U.S. 427, 63 S.Ct. 1129, 87 L.Ed. 1492."
385 U.S. at 564, 87 S.Ct. at 654 (footnote omitted). The Court further stated:
"It is fair to say that neither the Jackson case nor any other due process decision of this Court even remotely supports the proposition that the States are not free to enact habitual-offender statutes of the type Texas has chosen and to admit evidence during trial tending to prove allegations required under the statutory scheme.
"Tolerance for a spectrum of state procedures dealing with a common problem of law enforcement is especially appropriate here. The rate of recidivism is acknowledged to be high, a wide variety of methods of dealing with the problem exists, and experimentation is in progress."
385 U.S. at 565-66, 87 S.Ct. at 654-55. (footnote omitted). Recidivist Procedures: Prejudice and Due Process, 53 Cornell L.Rev., 337 (1968) (distinguishing Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), from Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), suggesting that when no "specific" right is involved, the general fairness requirement of the Fourteenth Amendment does not prohibit a state's statutory procedure that results in significant prejudice to a criminal defendant, despite the evidence that the same procedure might be struck down if a specific right was involved).
Similarly, in State v. Lagore (No. 1719, March 2, 1992) (Ohio App. 4 Dist.1992) (unpublished opinion), the Court based its decision on the United States Supreme Court's rationale, stating:
"Although acknowledging the possibility of some collateral prejudice, the United States Supreme Court has long recognized the legitimate state purpose in enhancing criminal penalties for recidivism and has held that due process is not offended by state procedural rules that permit the introduction of prior convictions for purposes of sentence enhancement. See Marshall v. Lonberger (1983), 459 U.S. 422, 438 at fn. 6, 103 S.Ct. 843, 853 at fn. 6, 74 L.Ed.2d 646; Spencer v. Texas (1967), 385 U.S. 554, 564, 87 S.Ct. 648, 653, 17 L.Ed.2d 606. Thus, if a statute permits it, evidence of prior convictions are admissible during the guilt/innocence phase of a trial. Thigpen v. Thigpen (C.A.1991), 926 F.2d 1003. Such evidence is particularly inoffensive where accompanied by a limiting instruction. Marshall, supra at 438 fn. 6, 103 S.Ct. at 853 fn. 6."
Cf. State v. Green, 493 So.2d 588 (La. 1986). In Green, the Louisiana Supreme Court addressed a defendant's due process attack of a state statute authorizing a prosecutor to offer in a single proceeding evidence of the appellant's guilt of the charged offense as well as evidence of his prior criminal record for similar crimes for the purpose of enhancing punishment, without requiring a limiting instruction by the trial court. In holding that a limiting instruction should be required, the Court held that the fact that the statute contained no such requirement did not render it unconstitutional on its face, and referred to Spencer, where the Court "concluded that the use of prior crime evidence in a one-stage recidivist trial is justified, despite the prejudicial effect which is acknowledged to inhere in this practice, because (1) the *426 admonitory instruction is given which the jury is expected to follow limiting the evidence to its proper function, and (2) a valid state purpose is served by its introduction, viz., the enforcement of recidivist laws. Id. at 562-63, 87 S.Ct. at 652-53." 493 So.2d at 591.
In State v. Wareham, 772 P.2d 960 (Utah 1989), a defendant was convicted of aggravated sexual abuse of a child, which is defined by a Utah statute as the commission of an act of sexual abuse of a child "plus `more than five separate acts, which if committed in Utah constitute an offense described in this chapter, and were committed at the same time, or during the same course of conduct, or before or after the instant offense.'" Id. at 963. In Wareham, the defendant argued that testimony by his two older daughters, who were not victims in the charged offense, to the effect that the appellant had sexually abused them when they were children, without providing any specifics or time references, should have been inadmissible, because, he said, the testimony was admitted to show bad character and the propensity to commit criminal acts, which unfairly prejudiced him. The defendant claimed that he was denied of a fair trial, in violation of his right to due process pursuant to the Fourteenth Amendment under the United States Constitution and the Utah Constitution. He also argued that the State statute was unconstitutionally vague. The Utah Supreme Court held that the statute did not violate federal due process, but because the forerunner to the challenged statute required proof of prior convictions in a bifurcated procedure, a bifurcated procedure was still necessary to prevent prejudice and any violation of the due process provisions of Utah's Constitution. However, the Court held that in that particular case, although the evidence of the prior crimes was improperly admitted during the guilt phase, the admission constituted harmless error because it did not affect the outcome of the defendant's case in light of his own confession and the overwhelming evidence supporting his conviction. In determining that the Utah statute did not violate federal due process, the Utah Supreme Court cited Spencer v. Texas, supra, in which the United States Supreme Court held that the introduction of previous convictions in an effort to secure another conviction, despite the danger of prejudice, does not violate due process when the admission is accompanied by a limiting instruction. "The Court concluded that even though severance or bifurcation might result in less prejudice to the defendant in such cases, due process did not impose such requirements." State v. Wareham, 772 P.2d 960, 963 (Utah 1989).
As to the defendant's claim in State v. Wareham, supra, that the Utah statute was void for vagueness, the Court used language applicable to the present case. "As a general proposition, a statute is not unconstitutionally vague because it is broad. The essential test is whether the statute imparts fair notice of what conduct is prohibited." 772 P.2d at 966. The language of the statute being challenged here provides fair warning of what is forbidden and would inform ordinary people of the prohibited conduct.
"`"The doctrine of vagueness, ... originates in the due process clause of the Fourteenth Amendment, see Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939), and is the basis for striking down legislation which contains insufficient warning of what conduct is unlawful, see United States v. National Dairy Products Corporation, 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963).
"`"Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed. United States v. Harriss, 347 U.S. 612, 617, 74 S.Ct. 808, 811, 98 L.Ed. 989, 996 (1954). A vague statute does not give adequate `notice of the required conduct to one who would avoid is penalties,' Boyce Motor Lines v. United States, 342 U.S. 337, 340, 72 *427 S.Ct. 329, 330, 96 L.Ed. 367, 371 (1951), is not `sufficiently focused to forewarn of both its reach and coverage,' United States v. National Dairy Products Corporation, 372 U.S. [29] at 33, 83 S.Ct. [594] at 598, 9 L.Ed.2d [561] at 566 [(1963)], and `may trap the innocent by not providing fair warning,' Grayned v. City of Rockford, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222, 227-28 (1972).
"`"As the United States Supreme Court observed in Winters v. New York, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948):
"`"`There must be ascertainable standards of guilt. Men of common intelligence cannot be required to guess at the meaning of the enactment. The vagueness may be from uncertainty in regard to persons within the scope of the act, or in regard to the applicable tests to ascertain guilt.'
"`"333 U.S. at 515-16, 68 S.Ct. at 670, 92 L.Ed. [at] 849-50 [citations omitted].'
"`McCrary v. State, 429 So.2d 1121, 1123-24 (Ala.Cr.App.1982), cert. denied, 464 U.S. 913, 104 S.Ct. 273, 78 L.Ed.2d 254 (1983).'
"McCall v. State, 565 So.2d 1163, 1165 (Ala.Cr.App.1990).
"`It is well settled that, in order to pass constitutional muster, a penal statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983) (citations omitted).
"`"Due process requires that all `be informed as to what the State commands or forbids,' Lanzetta v. New Jersey, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939), and that `men of common intelligence' not be forced to guess at the meaning of the criminal law. Connally v. General Constructions Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926).
"`Smith v. Goguen, 415 U.S. 566, 574, 94 S.Ct. 1242, 1248, 39 L.Ed.2d 605 (1974).'
"Senf v. State, 622 So.2d 435 (Ala.Cr. App.1993)."
Hunt v. State, 642 So.2d 999, 1026-27 (Ala. Cr.App.1993), affirmed, 642 So.2d 1060 (Ala.1994).
Moreover, as to any vagueness or due process argument made by Parker concerning potential problems caused by the applicability of prior convictions based on the time of conviction in different scenarios, he has no legal right to raise this claim because it does not apply to this case. Parker "has no legitimate ground to complain that this statute is unclear as to his conduct." "`Vagueness challenges to the statute which do not involve First Amendment freedoms must be examined in light of the case at hand.'" Hunt, supra, at 1027, quoting Jordan v. State, 411 So.2d 816, 818 (Ala.Cr.App.1981).
"`[B]ecause "[t]he essential purpose of the `void for vagueness' doctrine is to warn individuals of the criminal consequences of their conduct," Jordan v. De George, 341 U.S. 223, 230, 71 S.Ct. 703, 707, 95 L.Ed. 886 (1951), "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness," Parker v. Levy, 417 U.S. 733, 756, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439 (1974), "even though the statute may well be vague as applied to others," Aiello v. City of Wilmington, 623 F.2d 845, 850 (3d Cir.1980). Therefore, a defendant who challenges a statute on the grounds of vagueness "must demonstrate that the statute under attack is vague as applied to his own conduct, regardless of the *428 potentially vague applications to others." Aiello, 623 F.2d at 850 (emphasis added). Accord Rode v. Dellarciprete, 845 F.2d 1195, 1199-1200 (3d Cir.1988).'
"Senf, 622 So.2d at 437 (footnote omitted)."
Id. at 1027-28. (Emphasis in original.)
In State v. Brito, 183 Ariz. 535, 905 P.2d 544 (Ariz.App.1995), the defendant was convicted of the aggravated offense of driving while under the influence of intoxicating liquor, defined as a class 5 felony if it is a third or subsequent violation within 60 months. The defendant conceded that, under the Arizona statute, the State was required to prove the existence of his two prior DUI convictions as elements of the current offense and that he was not entitled to a bifurcated trial to prove the prior convictions as elements of the aggravated DUI.[1] The defendant, however, argued that his due process rights to a fair trial were violated by the trial court's failure to bifurcate his trial, and by the trial court's allowing the State to admit his prior DUI convictions, which, he argued, constituted inadmissible bad character evidence and demonstrated his propensity to commit the offense of driving under the influence. The Court found the defendant's claims to be without merit, stating:
"`[T]he Due Process Clause guarantees the fundamental elements of fairness in a criminal trial.' E.g., Spencer v. Texas, 385 U.S. 554, 563-64, 87 S.Ct. 648, 653, 17 L.Ed.2d 606 (1967) (admission of prior crime evidence in a one-stage recidivist trial does not violate due process). Therefore, although Defendant has a constitutional right to a fair trial, this right does not guarantee a trial unfettered by all harmful or prejudicial evidence. See State v. Schurz, 176 Ariz. 46, 52, 859 P.2d 156, 162, cert. denied, 510 U.S. 1026, 114 S.Ct. 640, 126 L.Ed.2d 598 (1993) (mere prejudice is not a basis for exclusion of evidence under Rule 403evidence can be harmful yet not unfairly prejudicial).
"The legislature has wide latitude in defining crimes and fashioning the corresponding penalties. E.g., State v. Ramos, 133 Ariz. 4, 6, 648 P.2d 119, 121 (1982). Other statutes exist which require proof of a prior conviction as an element of the substantive offense. For example, it is a class 6 felony for a person to possess a deadly weapon if he previously has been convicted of a violent felony. A.R.S. §§ 13-3101(5)(b), - 3102(A)(4) (1989). The existence of the prior violent felony is an element of the crime of misconduct involving weapons. Arizona courts have upheld this statute as constitutional. State v. Noel, 3 Ariz. App. 313, 315, 414 P.2d 162, 164 (App. 1966); State v. Rascon, 110 Ariz. 338, 339, 519 P.2d 37, 38 (1974). Furthermore, statutes of this type have been deemed constitutional in both federal and state courts on due process grounds. Noel, 3 Ariz.App. at 314, 414 P.2d at 164 (citations omitted)."
State v. Brito, 183 Ariz. 535, 537-38, 905 P.2d 544, 546-47 (Ariz.App.1995). The Court in Brito further stated that, despite the defendant's claims of prejudice based on evidentiary grounds, specifically his claim that the admission of prior convictions improperly served to demonstrate his bad character and propensity to commit the crime, the trial court instructed the jury not to use the evidence for that purpose. The trial judge charged that the prior misdemeanors were admitted solely to determine whether the State had met its burden of proof concerning the convictions as an element of the offense. Because a jury is assumed to follow the trial court's instructions, the Court found no evidence of prejudice on this ground. Id.
*429 The language, the procedure, and the intent of § 32-5A-191(f), now subsection (h), Code of Alabama 1975, wherein felony driving under the influence is defined, are constitutional and do not violate the rights to due process or those establishing the doctrine of void for vagueness.
APPLICATION GRANTED; RULE 39(k) MOTION DENIED; OPINION EXTENDED.
BASCHAB, J., concurs.
BROWN, J., concurs specially with opinion.
LONG, P.J., dissents with opinion.
COBB, J., joins dissent.
BROWN, Judge, concurring specially.
The majority, in its original opinion of September 27, 1996, enumerates several criminal statutes, other than the one being challenged here, for which a prior conviction is an element of the crime. I would note that another such offense is found in § 13A-5-40(a)(13), Code of Alabama 1975, which makes capital the offense of "murder by a defendant who has been convicted of any other murder in the 20 years preceding the crime."
If it is constitutionally permissible to require proof of a prior murder conviction as a material element of a capital offense, I fail to see how proof of prior convictions for driving under the influence could unduly prejudice a defendant. A conviction for a Class C felony pales in comparison to the seriousness of a conviction wherein a defendant faces the possibility of a death sentence.
LONG, Presiding Judge (dissenting).
I must dissent because I believe that the majority's holding that subsection (f)[2] of § 32-5A-191, Ala.Code 1975, sets out a separate substantive offense that includes as elements a defendant's prior DUI convictions which, accordingly, must be alleged in the indictment and proven to the juryis contrary to the plain meaning of the statute. From my reading of the DUI statute, I am convinced that subsection (f) does not state a separate offense, but is instead a sentence enhancement provision applicable to the underlying substantive offense of driving under the influence set out in § 32-5A-191(a). I believe that under the statute as it is written, the determination whether a defendant convicted of driving under the influence is to be punished for a Class C felony pursuant to subsection (f) is a matter independent of the proof of the underlying substantive offense. Therefore, I would hold that application of subsection (f) does not require a defendant's prior DUI convictions to be alleged in the charging instrument or proved to the jury and that, unless some exception is applicable in a particular case, evidence of the prior DUI convictions should not be presented to the jury. Because subsection (f) is, in my view, a sentence enhancement provision, I believe that it requires that a defendant's prior DUI convictions be proven to the trial court at sentencingonly after there has been a determination of guilt in the underlying offense.
Subsection (f) provides in pertinent part, "On a fourth or subsequent conviction within a five-year period, a person convicted of violating this section shall be guilty of a Class C felony." I believe that the wording "[o]n ... conviction ... a person convicted" indicates that subsection (f) applies only after there has been a determination of the defendant's guilt for an underlying DUI offense (i.e., a violation of "this section"). The words "this section" do not, I believe, refer to subsection (f), but rather to the body of § 32-5A-191, particularly § 32-5A-191(a), which sets out the substantive offense of driving under the influence. Support for this conclusion *430 is found in corresponding language in subsections (c), (d), and (e) of § 32-5A-191, provisions of the DUI statute that prescribe the punishment for a person's first, second, and third convictions for violating "this section." Even the state concedes that subsections (c), (d), and (e) do not set forth substantive offenses but are instead sentencing provisions.
The first sentences of subsections (d) and (e)which provide for enhanced misdemeanor punishment for the second and third DUI convictionscontain essentially the same wording as the first sentence of subsection (f), differing only in the number of prior DUI convictions considered and the severity of the punishment dictated. The state argues that subsection (f) is significantly different from subsections (d) and (e) and that it should so be construed because application of subsection (f) changes the nature of the offense, from a misdemeanor offense to a felony offense, while application of subsections (d) and (e), although enhancing the severity of the punishment for misdemeanor DUI, does not change the nature of the offense. However this is arguably a distinction without a difference, because the nature of an offensefelony or misdemeanoris defined by the severity of the punishment prescribed for that offense. For this reason, I am also not persuaded by the state's argument that a legislative intent to establish a substantive offense in subsection (f) is evidenced by the fact that subsection (f) states that, upon conviction, a person "shall be guilty of a Class C felony," while subsections (d) and (e) state that, upon conviction, a person "shall be punished" as dictated. I would point, for instance, to § 13A-6-4, Ala.Code 1975, Alabama's statute defining criminally negligent homicide. Subsection (c) of that statute provides: "Criminally negligent homicide is a Class A misdemeanor, except in cases in which said criminally negligent homicide is caused by a driver of a motor vehicle who is driving in violation of Section 32-5A-191; in such cases criminally negligent homicide is a Class C felony." Although subsection (c) of § 13A-6-4 provides that criminally negligent "is a Class C felony" where a defendant was also violating the DUI statuteas opposed to providing that criminally negligent homicide "shall be punished as a Class C felony"this court has held that subsection (c) is a sentence enhancement provision, which does not involve a question of proof to the jury. Crauswell v. State, 638 So.2d 11, 15 (Ala. Cr.App.1993). Similarly, I do not find the fact that subsection (f) of § 13-5A-191 states that the defendant shall be "guilty" of a Class C felony upon conviction to require the conclusion that subsection (f) is a substantive offense and not a sentence enhancement provision.
Subsections (d) and (e) of § 32-5A-191 predate subsection (f) by a number of years. Significantly, the cases reported prior to the enactment of subsection (f), which was added in 1994, consistently recognized subsections (d) and (e), apparently without controversy, as sentence enhancement provisions. See Bilbrey v. State, 531 So.2d 27 (Ala.Cr.App.1987) (a defendant charged with and convicted of violating § 32-5A-191 could, upon the state's proper proof of a prior DUI conviction at sentencing phase, be sentenced according to the enhancement provision of former § 32-5A-191(d)); Loftin v. City of Montgomery, 480 So.2d 603 (Ala.Cr.App.1985) ("Loftin I"), and Loftin v. City of Montgomery, 480 So.2d 606 (Ala.Cr.App.1985) ("Loftin II") (it was properly a matter for the trial court to apply the provisions of former § 32-5A-191(d) upon proof to the court of the defendant's prior conviction, to enhance the misdemeanor sentence of a defendant found guilty by jury of violating § 32-5A-191). The legislature is presumed to be aware of both the language and the judicial interpretation of pertinent existing law when it enacts legislation. Sheffield v. State, 708 So.2d 899 (Ala.Cr. App.1997), citing In re Haas, 48 F.3d 1153 (11th Cir.1995). Therefore, when the legislature added subsection (f) to § 32-5A-191, it was presumably aware of the construction *431 of subsections (d) and (e) given by the courts. Had the legislature intended for subsection (f) to be a new substantive offense and not a sentence enhancement provision, surely it would have taken greater pains to word subsection (f) differently than subsections (d) and (e).[3] In any event, I believe that the language of subsection (f) speaks for itself and clearly expresses a legislative intent that the subsection is a sentence enhancement provision.
A contrary construction, one deeming subsection (f) to be a separate offense that includes a defendant's prior DUI convictions as an element, is inherently problematic. This court has interpreted the "five-year period" referred to in subsection (f)and in subsections (d) and (e)to run from the date of a defendant's prior convictions to the date of the defendant's conviction in the charged case, as opposed to the date on which the present offense occurred. State v. Brooks, 701 So.2d 56 (Ala.Cr.App.1996); Loftin II, 480 So.2d at 607. Although this court has recognized that such an interpretation may have undesirable consequences (see Brooks, 701 So.2d at 58 n. 1, recognizing that a defendant may be encouraged to engage in deliberately dilatory practices so as to delay conviction in the charged case and thereby place his prior DUI convictions outside subsection (f)'s five-year period), this interpretation is nonetheless compelled by the language of subsection (f). For this court to construe the five-year period to run from the date of the prior convictions to the date on which the charged offense occurred would require us to "rewrite" the statute so as to insert into it a provision that was not written by the legislature. Because the five-year period in subsection (f) runs from prior convictions to present conviction, then, it follows that proof of the prior convictions and proof of the present conviction would equally be essential elements of the offense if, as the majority holds, subsection (f) creates a substantive offense. This is so because a defendant's present conviction establishes a "date certain" for determining which of the defendant's prior convictions can be considered for purposes of subsection (f). See Brooks, supra, 701 So.2d at 57. However, because the conviction for the charged offense obviously cannot occur before the return of an indictment charging that offense, an indictment purporting to charge a defendant with a violation of subsection (f) as a substantive offense can never properly allege all of the essential elements of the offense. There being at that time no conviction for the current offense, there can also be no prior convictions that are, with certainty, "within a five-year period" of the current conviction. Moreover, because the current conviction obviously cannot occur before the close of the state's case-in-chief, the state can never hope to prove to a jury all of the essential elements of the offense. Only by engaging in a fiction that the current conviction has already occurred, even before a verdict has been returned, can the trial court ever rule, when presented with a motion for a judgment of acquittal following the state's case, that the state has established a prima facie case of a substantive offense under subsection (f) by proving that three prior convictions occurred within five years of the current conviction. Such a result could hardly have been intended by the legislature and only reinforces my belief that subsection (f), as it is written, is a sentence enhancement provision and is not a separate substantive offense.[4]
*432 Having stated my reasons for believing that subsection (f) is not a separate substantive offense, I must also acknowledge that treatment of this subsection as a sentence enhancement provision is also fraught with intractable problems, particularly with regard to whether the district court or circuit court will have jurisdiction over the case. These problems are fully recognized by the majority in its opinion and appear to provide the basis for the majority's determination that subsection (f) is a substantive offensefelony DUI triable only in the circuit court.[5] However, I do not think that this court, in attempting to avoid such problems, should read into subsection (f) a meaning that is not evidenced by its plain language. Insofar as it is possible, we must interpret a statute as it is written. Brooks, 701 So.2d at 58. It appears to me that the legislature simply did not foresee the jurisdictional issues that would arise when it added subsection (f) to § 32-5A-191.
If it is the intent of the legislature for subsection (f) to be treated as a sentence enhancement provision, the legislature would be well advised to consider the jurisdictional dilemmas the majority discusses and to act accordingly. If it is the intent of the legislature for subsection (f) to be a substantive offense, it is the province of the legislature to clarify the matter in the language of the statute.[6] At the very least, subsection (f) (and, for that matter, into subsections (d) and (e)) could be considerably clearer if its language were to provide that the "five-year period" therein runs from the date of a defendant's prior DUI convictions to the date on which the defendant committed the present offense.
Because I believe that subsection (f), as written, is a sentence enhancement provision, I do not think that the state should be allowed to present evidence of the appellee's prior DUI convictions to the jury without establishing some exception to the general exclusionary rule. Absent such an exception, the evidence is inadmissible as evidence of prior bad acts. For the reasons stated above, I respectfully dissent.
NOTES
[1] The cases cited were State of Arizona v. Superior Court, 176 Ariz. 614, 616, 863 P.2d 906, 908 (App.1993) (wherein the Court held there was no entitlement to a bifurcation on the issue of prior DUI convictions because those convictions were an element of the substantive offense of aggravated DUI); and State v. Geschwind, 136 Ariz. 360, 363, 666 P.2d 460, 463 (1983) (wherein the Court held that evidence of prior crimes was admissible where the legislature had included this underlying conduct as an element of the crime for which the defendant was on trial).
[2] In § 32-5A-191 as most recently amended, the subsection (f) referred to in the present case is now subsection (h). Subsections (c), (d), and (e) referred to herein are now subsections (e), (f), (g).
[3] All of the parties involved in this appeal, including the amicus curiae who have filed briefs with this court, appear to agree that subsections (d) and (e) of § 32-5A-191 are sentence enhancement provisions.
[4] This consideration has never posed a problem in the application of subsections (d) and (e), because these subsections have always been construed as sentence enhancement provisions, not as separate substantive offenses. When sentence enhancement is sought under subsection (d) or (e), the present conviction has already occurred and the state attempts to prove to the trial court the defendant's prior DUI convictions that have occurred within five years of that conviction.
[5] These jurisdictional problems are also well briefed by the parties.
[6] I agree with the majority's determination that the introduction of evidence of prior convictions where the prior convictions are an essential element of the offense being tried does not necessarily offend principles of due process.