BROWN, Judge.
The appellant, Stanley Formby, was convicted in 1996 of the felony offense of driving while under the influence of alcohol (D.U.I.), after having been convicted of three prior D.U.I. violations within the past five years, a violation of §§ 32-5A-191(a)(2) and 32-5A-191®,[1] Code of Alabama 1975. He was sentenced to four years’ imprisonment.
I.
The appellant contends that the trial court erred by failing to give limiting instructions to the jury regarding its consideration of his three prior D.U.I. convictions. The state argues that this issue has not been preserved for appellate review.
Our examination of the record reveals that during a pretrial motion hearing defense counsel challenged the wording of the indictment returned against the appellant. Defense counsel objected to the indictment being read to the jury because it charged that the appellant had had three prior D.U.I. convictions within the past five years. However, defense counsel made no request during the motion hearing (R. 2-9) that any special limiting instructions be given to the jury, either dur *584 ing the court’s preliminary instructions to the jury or at such time when the prior D.U.I. convictions were admitted into evidence. Thus, nothing has been preserved for our review. See Pardue v. State, 571 So.2d 320, 327 (Ala.Cr.App.1989), rev’d on other grounds, 571 So.2d 333 (Ala.1990).
Defense counsel also failed to request, at the close of the trial, that the trial court give any supplemental instructions regarding the jury’s consideration of the appellant’s three prior D.U.I. convictions.[2] At the conclusion of the court’s oral charge to the jury, defense counsel made the following objection:
“THE COURT: What says the State?
“MR. WILLIAMSON: Satisfied.
“THE COURT: What says the defendant?
“MR. QUICK: Judge, we have two areas. I didn’t hear the Court charge on the lack of evidence and I would like for the Court to charge on that. The other was talking about the defendant’s testimony. I would like the Court to go into the fact that just because he testifies and has something to gain or lose does not mean his testimony is not true.
“THE COURT: No, that is argumentative. I will further instruct on the first part.”
(R. 184-85.) The trial court then gave further instructions to the jury on reasonable doubt, specifically charging the jury that “[a] reasonable doubt can arise either from consideration of the evidence that has been presented or a reasonable doubt can arise from a lack of evidence.” (R. 185.) There were no further objections to the court’s charge.
Rule 21.2, Ala.R.Crim.P., provides:
“No party may assign as error the court’s giving or failing to give a written instruction or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.”
In the present case, the only objections to the court’s charge concerned whether a reasonable doubt could arise from a lack of evidence and whether the jury should discount the defendant’s testimony because his freedom was at stake. Defense counsel did not object, nor did he request any limiting instructions concerning the jury’s consideration of the appellant’s prior D.U.I. convictions. A specific ground of objection waives all other grounds not specified. McGee v. State, 607 So.2d 344, 346 (Ala.Cr.App.1992); Griffin v. State, 591 So.2d 547, 550 (Ala.Cr.App.1991). Thus, the appellant’s assertion that the trial court erred by failing to give special limiting instructions to the jury regarding its consideration of the appellant’s three prior D.U.I. convictions has not been preserved for our review.
In any event, the appellant’s due process rights were not violated by the fact that the indictment, which was read to the jury, referred to three previous D.U.I. convictions, because “‘[t]he obvious purpose of [using a prior conviction as an element of the charged offense is to] ensure that the accused is fully advised and informed of the nature and extent of the offense for which he stands charged. The aggravating circumstance is a statutory element of the crime which must be alleged and proven.’ ” Cain v. State, 562 So.2d 306, 308 (Ala.Cr.App.1990), quoting Hubbard v. State, 500 So.2d 1204, 1215 (Ala.Cr.App.1986). In Cain, we held that the de *585 fendant’s due process rights were not violated, although the indictment against him, which was read to the jury, referred to a prior conviction for the unlawful possession of marijuana. We based our decision on the fact that a prior conviction of second-degree unlawful possession of marijuana—or unlawful possession of marijuana for personal use—was an element of first-degree unlawful possession of marijuana, and thus, must have been alleged and proven at trial. Similarly, in State v. Parker, 740 So.2d 421 (Ala.Cr.App.1996), opinion on rehearing, 740 So.2d at 424 (Ala.Cr.App.1997), this Court held that an indictment for felony D.U.I. should contain a reference to the three prior D.U.I. convictions because those convictions are a material element of the offense.
II.
The appellant also challenges the constitutionality of Alabama’s felony D.U.I. statute. Specifically, he argues (1) that the statute violates Article I, § 6, and Article IV, § 45, of the Alabama Constitution of 1901, because, he says, it charges both a misdemeanor and a felony; (2) that the statute is unconstitutional because, he says, it does not inform the defendant that he is being charged with a felony at the time of his arrest; (3) that the statute is unconstitutional because, he says, it contains more than one subject; and (4) that the statute improperly authorizes a municipal court to prosecute a felony.
When this case was tried, this Court had not yet addressed the constitutionality of the “felony D.U.I.” statute. However, while the appellant’s appeal was pending, this Court addressed, at some length, the constitutionality of the D.U.I. statute in State v. Parker, 740 So.2d at 426, and concluded that the statute passed constitutional muster. Thus, it is unnecessary to readdress this issue in the same detail we did in Parker.
First, the appellant argues that § 32-5A-191 is unconstitutional because, he says, it makes driving under the influence both a misdemeanor and a felony offense. In Newberry v. State, 493 So.2d 995 (Ala.1986), the Alabama Supreme Court addressed this issue in the context of Alabama’s vehicular homicide statute, noting that under Article I, § 6, of the Alabama Constitution of 1901, a defendant enjoys a constitutional right to be informed of the nature and cause of the accusation against him. However, the Supreme Court went on to hold that the fact that a statute provides a punishment ranging from misdemeanor to felony sentences does not make the statute unconstitutional. The Court further noted that even in cases where the proscribed offense is not classified as a felony or as a misdemeanor, the punishment range provided by the statute may be sufficient to reasonably apprise the defendant of the accusation against him and the possible penal consequences, thus meeting the constitutional guarantees of due process as set out in Article I, § 6, of the Alabama Constitution of 1901. 493 So.2d at 997.
In the present case, § 32-5A-191 adequately sets out the punishment range for a “misdemeanor D.U.I.” and for a “felony D.U.I.” so as to reasonably apprise the defendant of the accusation against him and the possible penal consequences. Accordingly, § 32-5A-191 does not violate the due process guarantees of Article I, § 6, of the Alabama Constitution of 1901.
Second, the appellant contends that § 32-5A-191 is unconstitutional because, he says, it fails to inform an accused of the charge against him at the time of the arrest, which, he contends, violates the “notice requirement” of Article I, § 6, of the Alabama Constitution of 1901. The appellant cites no authority in support of this proposition, and our research has revealed no authority for this proposition.
Alabama courts have previously noted that the provisions of Article I, § 6, are rights secured during the trial of a defendant, not during the investigation of *586 issues collateral or preliminary to his prosecution. Tiner v. State, 271 Ala. 254, 262-63, 122 So.2d 738 (1960); Hussey v. State, 87 Ala. 121, 127, 6 So. 420 (1889). A defendant in a criminal prosecution has the constitutional right to be reasonably apprised of the nature and cause of the charges he is being called upon to defend. Wilbourn v. State, 452 So.2d 915, 916 (Ala.Cr.App.1984); Jefferson v. City of Birmingham, 399 So.2d 932, 933 (Ala.Cr.App.1981). This is the purpose of an indictment: to limit and make specific the charges an accused will have to face at trial. Mason v. State, 259 Ala. 438, 440, 66 So.2d 557 (1953).
Furthermore, it is not unusual for an accused to be arrested for a particular charge or offense and upon furthér investigation to be charged with additional or greater charges. Notice of a specific charge at the time of arrest does not prohibit the state from filing further charges. So long as the charging instrument sufficiently informs the accused of the nature of the charge against him, it is constitutionally valid. The appellant was not prosecuted pursuant to the issuance of the Uniform Traffic Ticket and Complaint (“UTTC”). Rather, the appellant was brought before the jurisdiction of the circuit court based upon a grand jury indictment charging him with the offense of “felony D.U.I.” The indictment returned against the appellant provided him with sufficient notice that he was being tried for the felony offense of D.U.I.
Third, the appellant contends that § 32-5A-191 is unconstitutional because, he says, the bill that enacted it contained more than one subject, a violation of Article IV, § 45, of the Alabama Constitution of 1901. This contention was rejected in Gentile v. City of Guntersville, 589 So.2d 809 (Ala.Cr.App.1991), wherein this Court held that the “one subject” test of Article IV, § 45, “is satisfied when the bill’s provisions are all referable to and cognate of the subject of the bill,” 589 So.2d at 811, quoting Opinion of the Justices, 294 Ala. 555, 564, 319 So.2d 682 (1975), and concluding:
“From the bill enacting § 32-5A-191, an average person would be informed of the purpose of the statute. The title and the body of the bill that became § 32-5A-191 when construed together, show a single purpose and relate to a single subject. The appellant’s argument is without merit.”
589 So.2d at 811. The purpose of the bill making D.U.I. a felony offense was to provide a more severe punishment for individuals with multiple D.U.I. convictions. Thus, the “felony D.U.I.” bill did not address a subject other than operating a motor vehicle while under the influence of alcohol or a controlled substance.
Finally, the appellant contends that § 32-5A-191 is unconstitutional because, he says, it authorizes a municipal court to try a felony case. At the outset, we note that the appellant’s case was never before the municipal court; the appellant did not argue at trial and does not argue on appeal that the municipal court lacked jurisdiction to try his case. Therefore, we construe the appellant’s argument to be a constitutional challenge to the statute, rather than a jurisdictional challenge. This contention is being raised for the first time on appeal. “An issue raised for the first time on appeal is not subject to review because it has not been properly preserved and presented.” Pate v. State, 601 So.2d 210, 213 (Ala.Cr.App.1992). “ ‘This Court will not consider an argument raised for the first time on appeal; its review is limited to evidence and arguments considered by the trial court.’” Eastland v. State, 677 So.2d 1275, 1276 (Ala.Cr.App.1996), quoting Abbott v. Hurst, 643 So.2d 589 (Ala.1994); see also Turley v. State, 659 So.2d 191, 194 (Ala.Cr.App.1994). “ ‘Even constitutional issues must first be correctly raised in the trial court before they will be considered on appeal.’ ” Baker v. State, 683 So.2d 1, 3 (Ala.Cr.App.1995), quoting Adams v. City of Pelham, 651 So.2d 55, 56 (Ala.Cr.App.1994). Thus, *587 the appellant’s assertion has not been preserved for our review.
III.
The appellant further contends that the felony punishment provided for in § 32-5A-191 is unconstitutional. Specifically, the appellant argues (1) that the statute violates his Fourteenth Amendment right to due process “in that D.U.I. is a ‘strict liability’ offense which does not require scienter, which has been made a felony offense”; and (2) that the statute violates the Eighth Amendment “in that the punishment is ‘cruel and unusual’ and is disproportionate to the offense committed.” (Appellant’s brief, p. 23.)
Our examination of the record reveals that both contentions are being raised for the first time on appeal. Thus, nothing is preserved for appellate review. See Worthington v. State, 652 So.2d 790, 796 (Ala.Cr.App.1994).
Even so, we note:
“For years, the risks and dangers of driving while intoxicated have been well publicized and it is virtually impossible for any reasonably intelligent person to be unaware of those risks and dangers. Those who persist in engaging in that type of conduct must accept the risk of being prosecuted for any number of offenses.”
Allen v. State, 611 So.2d 1188, 1193 (Ala.Cr.App.1992). Moreover, the appellant’s 4-year sentence is well within the statutory range of punishment for a Class C felony — “not more than 10 years or less than 1 year and 1 day.” § 13A-5-6(a)(3), Code of Alabama 1975.
TV.
Section 32-5A-191(f), the statute under which the appellant was prosecuted and sentenced, provided, in pertinent part, as follows:
“On a fourth or subsequent conviction within a five-year period, a person convicted of violating this section shall be guilty of a Class C felony and punished by a fine of not less than four thousand dollars ($4,000) nor more than ten thousand dollars ($10,000) and by imprisonment of not less than one year and one day nor more than 10 years.”
In the present case, the trial court sentenced the appellant to four years’ imprisonment, but failed to impose the statutorily mandated fine. Thus, we must remand this case for a hearing to allow the state, the appellant, and his counsel the opportunity to address what would be an appropriate fine, and for the trial court to impose a fine within the range mandated by § 32-5A-191(f) (now § 32-5A-191(h)), Code of Alabama 1975. See Rule 26.7, Ala. R.Crim.P. The trial court shall take all necessary action to ensure that the circuit clerk makes due return to this remand order at the earliest possible time and no later than 60 days from the date of this opinion.
REMANDED WITH DIRECTIONS. *
All the Judges concur, except BAS-CHAB, J., who concurs in result only.

. As the result of amendments to this Code section, § 32 — 5A—191(f) is now § 32-5A-191(h), Code of Alabama 1975.

. Our review of the court's oral charge to the jury reveals that the court instructed the jury, in pertinent part, as follows: "Number two, and we have already talked about this, the indictment is no evidence whatsoever of the defendant’s guilt and should not be considered as any evidence whatsoever.” (R. 175.) Presumably, the court was referring to its preliminary instructions to the jury, which were not recorded by the court reporter. (R. 7.)

 Note from the reporter of decisions: On May 8, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On August 14, 1998, that Court denied rehearing, without opinion.