COBB, Judge,
concurring in part, and dissenting in part.
I dissent from the majority’s holding in Part III of its unpublished memorandum. I joined Judge Long’s dissent on rehearing in State v. Parker, 740 So.2d 421 (Ala.Cr.App.1996), opinion on rehearing, 740 So.2d 424 (Ala.Cr.App.1997). I agree with Judge Long’s statement in his dissent in Parker that “the application of [§ 32-5A-191(f), now subsection (h) j[1] does not require a defendant’s prior DUI convictions to be alleged in the charging instrument or proved to the jury and that, unless some exception is applicable in a particular case, evidence of the prior DUI convictions should not be presented to the jury.” 740 So.2d at 429 (Long, P.J., dissenting).[2]
Although I am well aware that the majority has held otherwise, I nevertheless maintain that “subsection (f) [now (h) ] is a sentence enhancement provision which requires that a defendant’s prior DUI convictions be proven to the trial court at *464 sentencing — only after there has been a determination of guilt in the underlying offense.” 740 So.2d at 429. Until the Alabama Supreme Court rules on this matter, I feel compelled to respectfully dissent from part III of the unpublished memorandum.

. Subsection (f) (now (h)) provides in pertinent part: "On a fourth or subsequent conviction, a person convicted of violating this section shall be guilty of a Class C felony.

. The present case was assigned to Judge Long; he is compelled to follow the majority decision in Parker. Parker’s petition for cer-tiorari review has been granted by the Alabama Supreme Court and review is pending in that Court.