McMillan, judge.
The appellant, Travis Johnson, pleaded guilty to felony DUI. The indictment *31 charged that he had violated § 32-5A-191(a)(2) and § 32-5A-191(h), Ala.Code 1975. He was sentenced to five years’ imprisonment and was ordered to pay a fine of $4,100.
The record indicates that on May 14, 1998, the appellant was arrested in Lawrence County and was charged with driving under the influence of alcohol, illegal possession of prohibited liquors, and driving while his license was revoked. On August 14,1998, the appellant was indicted for felony DUI. On September 3, 1998, the appellant entered a not-guilty plea and waived arraignment. On October 5, 1998, the appellant offered to stipulate that he had three prior DUI convictions, and he filed a motion in limine to exclude evidence regarding the convictions. The trial court denied the motion. On October 5, 1998, the appellant’s trial commenced.
During the trial, the State elicited the following testimony from Deputy Kenyotta Burton, the arresting officer:
“[Prosecutor]: When you ran his driving — did you run his driving history at some point?
“[Witness]: Yes, sir. The dispatcher run that when we were coming in at the jail with the subject.
“[Prosecutor]: Did you know at that time that he had more than three prior DUI convictions?
“[Witness]: No, sir.
“[Defense counsel]: Your Honor, I’m going to object on the grounds previously stated.
“[Trial court]: All right. I’ll overrule.”
After a recess and before the State continued its examination of Deputy Burton, the appellant withdrew his plea of not guilty and pleaded guilty to charges of felony DUI, reserving his right to appeal the following issues:
1. Wfiiether the trial court erroneously held that his three prior DUI convictions were substantive elements of the offense of felony DUI.
2. Whether the trial court erred when it refused to allow him to stipulate to his three prior DUI convictions.
Section 32-5A-191(h) provides in pertinent part:
“On a fourth or subsequent conviction, a person convicted of violating this section shall be guilty of a Class C felony and punished by [a fine and a sentence within certain ranges].”
When the appellant was tried, caselaw from this Court had held that a defendant’s prior DUI convictions were an element of the offense of felony DUI under § 32-5A-191(h), which the State was required to charge in the indictment and to prove at trial. See State v. Parker, 740 So.2d 421 (Ala.Cr.App.1996). Recently, however, the Alabama Supreme Court, in Ex parte Parker, 740 So.2d 432 (Ala.1999) reversed this Court’s judgment in Parker and held that § 32-5A-191(h), Ala.Code 1975, is a sentence enhancement provision only and that an accused’s prior DUI convictions are properly considered only for purposes of sentence enhancement upon the defendant’s conviction for DUI. In so holding, the Supreme Court stated:
“Section 32-5A-191, plainly read, compels the conclusion that the provisions of the present subsection (h) were intended to declare certain DUI convictions to be felony convictions and to prescribe punishment, rather than to define the substantive elements of the separate offense.”
740 So.2d at 434.
The State argues that the trial court did not commit reversible error in this case because substantive evidence of the appellant’s prior DUI convictions was never introduced. Specifically, the State argues that the prosecutor’s question, which was couched in general terms without the specific facts relating to the appellant’s prior convictions, did not purport to state a substantive element of the offense. Additionally, the State argues that the question in and of itself did not prejudice the appellant, and was, therefore, if error at all, harmless error.
*32 However, based upon the Supreme Court’s ruling in Ex parte Parker, the admission of the appellant’s prior DUI convictions to prove a substantive element of the charged offense of felony DUI was improper. Pursuant to that ruling, in felony DUI cases, evidence of prior convictions is not for the jury to consider in determining guilt but is to be considered by the trial court for enhancement purposes only.
The judgment of the trial court is reversed and this cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.